## HUNTER et al. v. ATCHISON, T. & S. F. RY. CO.

Civ. No. 44–C–971.

District Court, N. D. Illinois, Eastern Division.

Feb. 6, 1948.

Ellis & Westbrooks and Kimbal Smith, all of Chicago, Ill., for plaintiffs.

Charles H. Woods and William J. Milroy, both of Chicago, Ill., for Atchison T. & S. F.

Adams, Nelson & Williamson, of Chicago, Ill., for certain individual defendants.

LA BUY, District Judge.

This cause came on to be heard on the 26th day of January, 1948, and from day to day thereafter and now coming on for final disposition upon the application of the plaintiffs for a temporary injunction, before the Honorable Walter J. La Buy, Judge of the District Court of the United States, for the Northern District of Illinois, Eastern Division, and upon all pleadings and oral and documentary evidence introduced by the parties in open court and upon consideration thereof and of the arguments of counsel for the respective parties, the court now finds the following:

I. Findings of Fact.

1. The court finds that the plaintiffs are members of a class or craft of railroad employees entirely composed of colored persons and known as porter brakemen or train porters and hereinafter called porter brakemen and chair car attendants and reside in various states of the United States of America; and the porter brakemen have been employed by the defendant. The Atchison, Topeka and Santa Fe Railway Company, a corporation, Eastern and Western Lines, hereinafter called the Carrier defendant, in the operation of its business as an Interstate Carrier, since to wit: 1899 as such class or craft; that the defendant, The Atchison, Topeka and Santa Fe Railway Company, a corporation, is a corporation organized under the laws of the State of Kansas, and is licensed to do business in the State of Illinois; said corporation has its principal office or place of business in the City of Chicago, County of Cook and State of Illinois, in said Northern District of Illinois, Eastern Division, and is within the jurisdiction of this court; and is a carrier engaged in Interstate Commerce by railroad within the meaning of the Acts of Congress relating thereto. The defendant, The National Railroad Adjustment Board, First Division, is a board established by and pursuant to the authority of the Railway Labor Act as amended, 45 U.S.C.A. § 151 et seq., maintaining headquarters in Chicago, Cook County, Illinois, within said District, in accordance with the provisions of the said Act of Congress and maintains its principal office within said District. The defendants, G. W. Laughlin, William Bishop, H. J. Hoglund, George H. Dugan, T. L. Green, Nathan L. Hale, B. C. Johnson, Sidney R. Prince, Jr., O. E. Swan, and R. J. Tillery are members of said National Railroad Adjustment Board, First Division, and are within said District. James B. Riley, who acted as Referee and a member of The National Railroad Adjustment Board, First Division, for Order and Award No. 6640, Docket No. 7400, is a non-resident of the State of Illinois and is not within the jurisdiction of this Honorable Court. The defendant, T. S. McFarland, is Secretary of said National Railroad Adjustment Board, First Division, and is within said District. The defendant, F. W. Coyle, is within said District and is Vice President of the Brotherhood of Railroad Trainmen, a voluntary, unincorporated association comprising a majority of the persons who would be adversely affected if the relief prayed in the complaint were granted. The defendants, C. D. Shepherd, J. W. McDonald, E. F. Allen, M. L. Pennebaker, J. J.

Kain and C. E. Martz, who are employed as brakemen by the Carrier defendant, are members of the Brotherhood of Railroad Trainmen and representatives of that class of persons and employees who would be adversely affected if the relief prayed in the complaint were granted and are within said District.

2. The matter in controversy herein involved exceeds, exclusive of interest and costs, the sum of value of $3,000 and the suit and controversy arises under the Constitution and laws of the United States.

3. On to wit: March 1, 1899, the Carrier defendant created a class or craft of employees known as train porters or porter brakemen and prescribed their duties as follows: To inspect cars, test signals and brake apparatus for the safety of train movement, use hand and lamp signals for the protection and movement of trains, open and close switches, couple and uncouple cars and engines and the hose and chain attachments thereof, compare watches when required by the rules of the company, care for passengers who were received and discharged from the head end of the trains, report to and receive instructions from the train masters and while on duty, to be under the direction of the train conductor, to perform the duties of a brakeman, carry the proper equipment to keep the coaches and chair cars under their care neat and clean. This contract of employment with the Carrier defendant was to continue at the will of the said Carrier defendant. The Carrier defendant did not will to terminate said contract of employment until the brakemen defendants through the Brotherhood of Railroad Trainmen as their representative continued to insist that it comply with Award No. 6640 without further delay.

4. Certain rosters setting forth the seniority dates of only the plaintiff porter brakemen and their fellow employees were from time to time established by the said Carrier defendant and were made public and posted at various places on the property of said Carrier defendant, showing the employees entitled to preference of runs and assignment of work according to their seniority rights. Nothing except as stated in paragraph 3 herein, has intervened to impair or abrogate the seniority rights of the plaintiffs as porter brakemen and that said seniority rights are property within the meaning of the 5th Amendment of the Constitution of the United States.

5. At the time the plaintiffs were employed as a class or craft by the Carrier defendant, there was then existing and has continued to exist a separate class or craft of Employees exclusively white, known as brakemen who were employed by the Carrier defendant to perform and did perform some of the services on the rear end of passenger trains which the porter brakemen performed on the front end of said passenger trains. These brakemen belonged to the class or craft represented on the Carrier defendant by the Brotherhood of Railroad Trainmen. Separate seniority rosters were kept for these brakemen and there was no interchange of seniority between them and the porter brakemen.

6. At the time of the entry of the said Order and Award No. 6640 and for many years prior thereto, the plaintiffs, porter brakemen, were receiving an average monthly wage of $250 each for the services which they were rendering to the carrier defendant.

7. On May 3, 1939, there was filed with the defendant, The National Railroad Adjustment Board, First Division, Chicago, Illinois, hereinafter called the Board, and the individual members thereof, without notice to the plaintiffs or any member of their class or craft, a protest against the Carrier defendant, charging non-compliance on its part with the provisions of a contract between the Carrier defendant and the Brotherhood, the substance of the protest being that certain work performed by employees not holding seniority as brakemen was work which should go to persons holding seniority as brakemen on the Carrier defendant, and claimed reimbursement at the passenger rate for time lost by certain brakemen in the Plains Division; thereafter, certain proceedings were had by the said defendant, The Board, with reference thereto; No notice of the said proceedings was given to the plaintiffs or to any member of the class or craft to which the plaintiffs belonged, and the said

proceedings and all of them were conducted and carried on in the absence of the plaintiffs and the members of the class or craft to which they belonged; the only parties to the proceedings before the said Board were the Atchison, Topeka and Santa Fe Railway Company, Eastern and Western Lines, and the Brotherhood of Railroad Trainmen of which voluntary unincorporated association, the white brakemen who are named as defendants in this suit are members, but of which association the plaintiffs nor any member of their class or craft are not and have never been members; after the hearing on said protest and as a result thereof, the majority of the said Board, the employee representatives and the referee, on April 20, 1942, found that the said "use of porters or other employees, who do not hold seniority as brakemen is in violation of claimants' seniority rights". After the hearing in said proceedings before the Board and as a result thereof, the said Board did on April 20, 1942, issue its Award No. 6640, Docket No. 7400; said Award was issued by the said Board acting by and through the defendant, T. S. McFarland as Secretary thereof. On May 14, 1942, the Carrier defendant filed a petition for rehearing with the said Board praying that the said Award No. 6640 be set aside; the said Board refused to grant or deny said petition for rehearing. On May 3, 1944, Carrier defendant withdrew said petition for rehearing. Such withdrawal was at the insistence of the Brotherhood of Railroad Trainmen acting for the brakemen defendants who demanded that the Carrier defendant without further delay comply with the Order and Award No. 6640 by removing, reducing, and furloughing the plaintiffs and all members of their class or craft; whereupon the said Carrier defendant notified the plaintiffs and all members of the class or craft that the Award No. 6640 and Order would be immediately enforced against them. Some of the said plaintiffs and members of the class or craft to which they belonged were removed from their regular runs, replaced by members of the class or craft to which the brakemen defendants belonged solely as a result of Award No. 6640, and their wages were reduced. All of the plaintiffs and members of the class or craft were to be removed, reduced or furloughed solely by virtue of the Order and Award No. 6640. Since the filing of this suit and the appearance of the defendants hereinabove mentioned, further enforcement of the above mentioned Order and Award No. 6640 against the said plaintiffs was threatened by written notice to the plaintiffs from the Carrier defendant, that on November 1, 1944, the said plaintiffs would be removed from their positions as porter brakemen on trains No. 1, 2, 3, 2nd. 3, 2nd. 4, extra section 4, 5, 6, 9, 10, 15, 16, 1st. and 2nd. 23, 1st. and 2nd. 24, 27, 28, 47, 50 and other trains of the said defendant, The Atchison, Topeka and Santa Fe Railway Company, Eastern and Western Lines which positions they then held and have held and occupied prior to the entry of the aforesaid Order and Award; the positions now held by the said plaintiffs are to be filled by members of the class or craft to which the brakemen defendants belong and who have not heretofore held said positions, such changes which are to be so made are solely by reason of the Order and Award No. 6640 aforesaid and the enforcement thereof.

8. The individual brakemen defendants named herein, through the Brotherhood of Railroad Trainmen, are continuing and threaten to continue to insist upon the Carrier defendant that it comply with the terms of the Order and Award No. 6640 and Carrier defendant will comply with Award No. 6640 unless enjoined by order of this court, which compliance will result in immediate, great and irreparable injury loss and damage being caused plaintiffs before the hearing and determination of this cause can be had, unless the defendants and each of them are, pending such hearing and determination, enjoined by the order of this court; the enforcement of the said Order and Award will deny the plaintiff porter brakemen their property rights to continue to work at the will of the Carrier defendant and perform the services which they have been performing since 1899, and plaintiffs will suffer loss of their seniority rights and will also lose certain rights which they have earned to benefits

under the Railroad Retirement Act, 45 U.S.C.A. § 201 et seq.

II. Conclusions of Law.

From the foregoing facts the court concludes:

1. That this court has jurisdiction of the parties and the subject matter, and venue is properly in this court.

2. The complaint states a cause of action, cognizable by this court.

3. On the basis of Nord v. Griffin, 7 Cir., 86 F.2d 481, which is the settled law of this jurisdiction, Award No. 6640 of the National Railroad Adjustment Board, First Division, is void because it was rendered without notice to plaintiffs who were involved in the subject matter thereof, within the meaning of the Railway Labor Act, Sec. 3(j), 45 U.S.C.A. § 153(j), and because the proceeding conducted by the said Board preliminary to issuing the Award were outside the presence of the plaintiffs, who were not given an opportunity to be heard or represented before the Board. Compliance with the Award No. 6640 will deprive plaintiffs of their property rights without due process of law in violation of the 5th Amendment of the Federal Constitution.

4. Violation by defendant brakemen of the right of plaintiffs to be free from interference with their employment through the enforcement of void Award No. 6640 deprives plaintiffs of their property rights without due process of law.

5. The matter in controversy herein involved exceeds, exclusive of interest and costs, the sum or value of $3,000 and the suit and controversy arises under the Constitution and laws of the United States.

6. The loss of the property rights herein mentioned by the plaintiffs constitutes irreparable injury for which there is no adequate remedy at law.

7. The plaintiffs have no adequate remedy at law; the enforcement of the said Order and Award No. 6640 renders inadequate any legal relief, and the plaintiffs' only relief is in a court of equity. A temporary injunction should issue to remain in effect until the disposition of this cause on the merits or the further order of this court so that pending the final hearing and determination of this action, no further injury should be inflicted upon these plaintiffs or other members of their class employed by the said Carrier defendant and on whose behalf plaintiffs also sue.