**BROTHERHOOD OF LOCOMOTIVE FIREMEN AND ENGINEMEN, Plaintiff,**

v.

**SOUTHERN RAILWAY COMPANY et al., Defendants.**

Civ. A. No. 2881-62.

United States District Court
District of Columbia.

Jan. 10, 1963.

Thomas A. Flannery, Washington, D. C., for plaintiff.

Proskauer, Rose, Goetz & Mendelsohn, New York City, for defendants.

LEONARD P. WALSH, District Judge.

This matter comes before the Court on plaintiff's motion for a preliminary injunction and the opposition thereto.

On November 27, 1962, oral argument was heard by the Court and the matter submitted, with leave to the parties, at their request, to file additional memoranda not later than December 10th. Said memoranda were timely filed by both parties. Subsequently, on December 14th plaintiff filed a motion for leave to file a supplemental post-hearing memorandum, to which opposition was filed on December 19th. The Court will grant that motion.

Pleadings on the motion have therefore been completed.

The Court, having heard oral argument and reviewed the pleadings and record herein, and being fully advised in the premises, makes the following observations.

Plaintiff, the Brotherhood of Locomotive Firemen and Enginemen (hereinafter referred to as the Brotherhood), is the collective bargaining representative of the craft or class of firemen employed by the defendants, the Southern Railway Company and its subsidiaries, commonly known as the Southern Railway System (hereinafter referred to as Southern).

The parties have had collective bargaining agreements for many years, the last named defendant, Carolina and Northwestern Railway Company, having entered into the agreement with plaintiff on January 10, 1946, and the remaining defendants becoming parties to the National Diesel Agreement on May 17, 1950.

The pertinent part of the agreement for the purposes of this case reads:

"A fireman, or a helper, taken from the seniority ranks of the firemen, shall be employed on all locomotives. * * *" (Section 4, National Diesel Agreement.)

There is no question that the agreement was entered into by the parties and that it is still in full force and effect. The conflict arises over the interpretation of Section 4 of the agreement, and the action taken by Southern pursuant to its interpretation.

The Brotherhood maintains that for ten years the Southern complied substantially with the provision of Section 4 of the agreement and assigned a fireman from the seniority ranks of the Brotherhood to all locomotives operated by Southern. However, in 1960, the Southern proposed the elimination of firemen on diesel engines, such elimination to be made effective through attrition, that is, employees holding seniority on the date of the proposal, September 16, 1960, would continue to be employed on diesels pursuant to Section 4, but upon leaving the service because of retirement, death, resignation, or other reasons, they would not be replaced, and as firemen became unavailable the requirement of employing a person with fireman's seniority would not apply. In short, the enrollment in the Brotherhood would be stifled by Southern's refusal to hire new firemen, and, in time, when the seniority ranks of the Brotherhood were exhausted, there would be no firemen to employ on the Southern's locomotives pursuant to Section 4.

The Brotherhood vigorously protested this proposal and voted to strike on July 26, 1960. The strike, however, was postponed when the National Mediation Board proffered its services and attempted to settle the dispute. The Board was unsuccessful in bringing about an agreement between the parties, and on June 4, 1962 terminated its jurisdiction over the dispute. This action followed, the complaint being filed September 10, 1962, followed two months later by the motion for preliminary injunction.

Southern maintains that the dispute is simply over a contract interpretation and application, and as such is a minor dispute under the Railway Labor Act, and within the exclusive jurisdiction of the National Railroad Adjustment Board, Elgin, Joliet & Eastern Railway Co. v. Burley, 325 U.S. 711, 65 S.Ct. 1282, 89 L.Ed. 1886; International Ass'n of Machinists v. Northwest Airlines, Inc., 304 F.2d 206 (8th Cir.). The Brotherhood, on the other hand, maintains this Court has jurisdiction since, if the dispute must be classified as either major or minor, it is a major dispute and within this court's jurisdiction; and further, and more important, that Southern, by its actions, is actually changing working conditions in violation of Section 2, Seventh (45 U.S.C. § 152(7)) and Section 6 (45 U.S.C. § 156) of the Railway Labor Act.

It is uncontradicted in the record before the Court that Southern has filed with the National Mediation Board, pursuant to Section 6, an application for mediation to accomplish through it precisely what it is now doing without the sanction of the Board.

█ Without question the parties are in disagreement as to the interpretation of Section 4 of the National Diesel Agreement, but the dispute goes further than a simple contract disagreement, to be

labeled a minor dispute, and centers about the very heart of the firemen's craft in changing conditions of work on the Southern. The Brotherhood's point is well taken, but on a motion for preliminary injunction the Court must go further and determine the present necessity for the extraordinary relief prayed for by the plaintiff.

Throughout the Court's review of the pleadings herein, it has borne in mind the magnitude of the relief requested, while carefully recalling the steps taken by the parties since this dispute arose in July of 1960.

Over two and one-half years have elapsed since Southern offered its proposal and its rejection by the Brotherhood. Since that time, both parties have continued to operate while seeking to settle their differences. The Brotherhood has not shown that immediate and irreparable damage will befall it should the extraordinary relief they seek be denied. Rather, its major concern is with what the future will hold if Southern's present actions are allowed to continue indefinitely. Such cannot be the foundation for injunctive relief at this time. More appropriate for this situation is a full and complete hearing on the merits of the complaint for mandatory permanent relief.

In the Court's opinion, the Brotherhood has established that jurisdiction of this matter lies with this court, and further it appears from the pleadings and affidavits that Southern is changing the conditions of work with respect to firemen on its locomotives, and in so doing is evading the provisions of Section 6 of the Railway Labor Act. This, however, can be more fully developed and disposed of upon a full hearing of the complaint on its merits.

The situation complained of has existed for over two and one-half years. The Mediation Board relinquished jurisdiction over the dispute in June of 1962, and suit was not filed until three months later, in September, 1962; the Brotherhood then waited two additional months and filed the present motion for preliminary injunction in November, 1962.

 Under such circumstances the Court is of the opinion that the granting of the extraordinary injunctive relief which the Brotherhood seeks is not warranted, absent a full and complete hearing of the case on the merits.

Accordingly, plaintiff's motion for a preliminary injunction is denied.

Counsel will prepare an appropriate order.