Criscell KEMP et al., Appellants,

v.

The ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY et al., Appellees.

No. 22922.

United States Court of Appeals Fifth Circuit.

March 17, 1966.

* Of the Second Circuit, sitting by designation.

John F. Morrissey, Chicago, Ill., A. B. Hankins, Amarillo, Tex., Williams & Darden, Clarence Williams, Robert Darden, San Antonio, Tex., for appellants.

B. F. Crowley, Chicago, Ill., John Hazlewood, Robert R. Sanders, of Miller, Sanders & Baker, Amarillo, Tex., C. D. Hawley, Asst. Gen. Counsel, Brotherhood of Railroad Trainmen, Cleveland, Ohio, for appellees Brotherhood of Railroad Trainmen, International Assn. and Brotherhood of Railroad Trainmen Frosty Hamrick Lodge No. 608.

Starr Thomas, C. George Niebank, Jr., William John Swartz, Chicago, Ill., J. L. McMicken, Amarillo, Tex., for appellee Santa Fe R. Co.

Before GEWIN and THORNBERRY, Circuit Judges, and WEST, District Judge.

PER CURIAM.

This is an appeal from an order of the United States District Court for the Northern District of Texas dismissing appellants' complaint for failure to state a claim upon which relief can be granted.

Appellants allege that they are members of a certain class or craft of railroad employees entitled to perform a particular type of work on the appellee railroad which is now being assigned to and performed by a class or craft of employees of the railroad represented by the appellee, Brotherhood of Railroad Trainmen, in accordance with an order of the National Railroad Adjustment Board (Board). This litigation is not new. Its history is reflected in the following reported cases: Hunter v. Atchison, Topeka & Sante Fe Railway Company, 78 F.Supp. 984 (N.D.Ill.1948), affirmed 171 F.2d 594 (7 Cir. 1948), cert. denied Shepherd v. Hunter, 337 U.S. 916, 69 S.Ct. 1157, 93 L.Ed. 1726; Hunter v. Atchison, Topeka & Santa Fe Railway Company, 188 F.2d 294 (7 Cir. 1951), cert. denied Hunter v. Shepherd, 342 U.S. 819, 72 S.Ct. 36, 96 L.Ed. 619 (1957); Final Decree, Hunter v. Atchison, Topeka & Santa Fe Railway Company, 44C 971 (N.D.Ill.1958).

In the prior litigation, a class action, appellants insisted upon their right to be heard before the Board with reference to the disputed employment. The United States District Court for the Northern District of Illinois directed that the Board hear the matter. The Board did so and entered an award with which the appellants do not agree. This suit seeks to set aside the award.

The statute creating the Board, 45 U.S.C.A. § 151 et seq., provides that non-money awards "shall be final and binding upon both parties to the dispute, except insofar as they shall contain a money award." 45 U.S.C.A. 153 First (m). It is our conclusion that the trial court reached the right conclusion and that the complaint was properly dismissed. See Gunther v. San Diego & A. E. R. Co., 382 U.S. 257, 86 S.Ct. 368, 15 L.Ed.2d 308 (1965); Union Pacific R. Co. v. Price, 360 U.S. 601, 79 S.Ct. 1351, 3 L.Ed.2d 1460 (1959); Michel v. Louisville & N. R. Co., 188 F.2d 224 (5 Cir. 1951). The judgment is affirmed.