**NORTHWEST AIRLINES, INC.,**
Appellant,

v.

**AIR LINE PILOTS ASSOCIATION, INTERNATIONAL, David G. Rall and R. E. Lee, Appellees.**

No. 18523.

United States Court of Appeals
Eighth Circuit.

Feb. 23, 1967.

Rehearing Denied March 30, 1967.

Henry Halladay, of Dorsey, Owen, Marquart, Windhorst & West, Minneapolis, Minn., John M. Mason, Minneapolis, Minn., on the brief, for appellant.

Leonard E. Lindquist, of Lindquist, Magnuson & Glennon, Minneapolis, Minn., Richard E. Wetherall and William B. Stukas, Minneapolis, Minn., on the brief, for appellees.

Before VAN OOSTERHOUT, BLACK-MUN and MEHAFFY, Circuit Judges.

VAN OOSTERHOUT, Circuit Judge.

This is an appeal by respondent Northwest Airlines, Inc., (NWA), from order entered on July 20, 1966, granting partial summary judgment to petitioners, Air Line Pilots Association (ALPA), David G. Rall and R. E. Lee. The material portions of said order read:

"1. That the respondent, Northwest Airlines, Inc., is not entitled to a de novo review of the award of. the System Board of Adjustment involving the individual petitioners, David G. Rall and R. E. Lee, with respect to any of the issues alleged in respondent's answer to the petition herein.

"2. That the award of the System Board of Adjustment on the records reviewed by the Court in the case of the individual petitioners named herein was not so arbitrary and capricious as to be wholly baseless and completely without reason, and therefore that defense is not sustained.

"3. That respondent shall reinstate petitioners to its employ in accordance with Award Nos. 5562 and 5563 of the System Board of Adjustment entered on January 8, 1965, subject, however, to the right of the respondent to limit, discharge or terminate petitioners' employment based upon events occurring or conditions existing after their discharge by the respondent, and the Court reserves jurisdiction to determine whether the events occurring or conditions existing after the discharge of these petitioners affect their right of reinstatement or limit the amount of back pay due them under the System Board's orders, and reserves jurisdiction as to the question of attorneys' fees to be allowed petitioners as provided in Section 153 First (p) of the Railway Labor Act.

"4. Judgment shall be entered accordingly. Exceptions are reserved."

The District Court made a 28 U.S.C.A. § 1292(b) determination that the order denying NWA a de novo review of the System Board of Adjustment award involves a controlling question of law about which there is a substantial difference of opinion and that an immediate appeal will materially advance the ultimate determination of this litigation; that a lengthy trial on questions as to matters occurring subsequent to the discharge may be avoided in the event the trial court has erred in its determination of the issues relating to de novo review and the issue as to whether the determination of the System Board was arbitrary or capricious.

This court by order of August 15, 1966, authorized such interlocutory appeal, and the appeal has been timely taken.

■ NWA in its brief makes no contention that the court committed error in its. determination that the award is not arbitrary or capricious. By reply brief, NWA urges such issue is not before us. The notice of appeal is taken from the July 20, 1966, order which includes resolution of this issue. We hold such issue is raised by the appeal and that NWA has failed to demonstrate that the court erred in item two of its order. supra.

The basic issue presented by this appeal is whether the trial court erred in denying NWA a de novo trial—more particularly, a right to present oral testimony on the validity of the System Board of Adjustment award determining Rall and Lee are entitled to reinstatement. The validity of the trial court's decision turns upon the finality to be accorded the Board's determination on the reinstatement issue. For reasons hereinafter set forth, we hold that the trial court correctly determined that the portion of the award adjudicating that Rall and Lee were entitled to reinstatement is final and conclusive and that the court is without power to redetermine such issue.

The rather extensive record facts bearing upon the reasons for the discharge and the basis for the reinstatement have no direct bearing upon the issue here presented and hence the facts will be stated summarily. First Pilot Rall was permanently discharged for a violation of a NWA rule prohibiting a pilot from using intoxicants within twenty-four hours of the commencement of a flight. Lee was discharged for acting as chief pilot on a flight with Rall knowing the latter had an apparent physical deficiency caused by the use of intoxicants. Rall and Lee exhausted their grievance procedure provided by the contract existing between ALPA, the authorized bargaining agent for the pilots, and NWA.

On January 11, 1952, in conformity to and in compliance with 45 U.S.C.A. § 184, ALPA and NWA entered into an agreement, still in force, creating the Northwest Airlines Pilots' System Board of Adjustment to decide minor disputes arising under the terms of the working agreement between ALPA and NWA. The agreement provides that a decision can be made by a majority of the Board members and that the Board's decision on matters properly referable to it "shall be final and binding upon the parties." It is undisputed that the System Board which heard these cases was constituted in the manner provided by the agreement and authorized by statute and that after an evidentiary hearing, the Board majority by a written final order directed reinstatemnet of Rall as of November 1, 1964 and Lee as of May 1, 1964.

The controversy submitted to the Board falls in the minor dispute category over which the Board was given jurisdiction.

NWA having failed to comply with the award, the petitioners commenced this action in the District Court for the enforcement thereof on February 10, 1965. The District Court by memorandum opinion and order filed August 6, 1965, denied ALPA's motion for partial summary judgment based upon the same grounds as urged in the motion, the sustaining of which gives rise to the present appeal.

After the decision of the Supreme Court in Gunther v. San Diego & Arizona Eastern R. Co., 382 U.S. 257, 86 S.Ct. 368, 15 L.Ed.2d 308, decided December 8, 1965, respondent again filed its motion for partial summary judgment, which motion was sustained by the court order herein appealed from.

The trial court, in a very well-considered unreported opinion filed March 7, 1966, with which we fully agree, states:

"However, it is now perfectly clear, * * * that in *Gunther* the Court summarily has swept aside all former uncertainty as to the intent of Congress in the enactment of Section 153 of the Railway Labor Act and particularly as to Sections 153 First (m) and 153 First (p). * * * *Gunther* has limited the trial de novo to the back pay due the employee under the Board's award and any other issue decided by the Board is to be accepted by the District Court. In other words, the court must accept the findings of the Board and is empowered to enforce them by mandamus or otherwise. The only fact issue for the court to determine is the amount of the money award based on the Board's findings and such additional evidence as may bear upon the amount."

Gunther, an engineer, was discharged for physical disability determined on the basis of a report of the railway's physician. The NRAB, to whom the dispute was submitted after the exhaustion of all remedies at the company level, after a full hearing ordered Gunther reinstated. Gunther applied to the District Court for enforcement. Enforcement was denied. The Court of Appeals affirmed. The Supreme Court reversed, stating inter alia:

"Section 3 First (m) provides that Adjustment Board awards 'shall be final and binding upon both parties to the dispute, except insofar as they shall contain a money award.' The award of the Board in this case, based

on the central finding that petitioner was wrongfully removed from service is twofold, consisting both of an order of reinstatement and the money award for lost earnings. Thus there arises the question of whether the District Court may open up the Board's finding on the merits that the railroad wrongfully removed petitioner from his job merely because one part of the Board's order contained a money award. We hold it cannot. This Court time and again has emphasized and re-emphasized that Congress intended minor grievances of railroad workers to be decided finally by the Railroad Adjustment Board. * * *

"The Railway Labor Act as construed in the foregoing and other opinions of this Court does not allow a federal district court to review an Adjustment Board's determination of the merits of a grievance merely because a part of the Board's award, growing from its determination on the merits, is a money award. The basic grievance here—that is, the complaint that petitioner has been wrongfully removed from active service as an engineer because of health—has been finally, completely, and irrevocably settled by the Adjustment Board's decision. Consequently, the merits of the wrongful removal issue as decided by the Adjustment Board must be accepted by the District Court." 382 U.S. 257, 263–264, 86 S.Ct. 368, 371.

■ We completely agree with the trial court's view that the *Gunther* opinion as a whole, and the above quoted language in particular, compels a holding in this case that the System Adjustment Board's determination that Rall and Lee are entitled to reinstatement is final, conclusive and binding and must be accepted by the courts.

It is true as argued by NWA that many Courts of Appeal and District Court cases prior to *Gunther* have held otherwise. Such cases were cited and relied upon by the trial court in its memorandum opinion of August 6, 1965. The validity of such opinions has been struck

down by *Gunther*. Post-*Gunther* cases have uniformly construed *Gunther* in the same manner as the trial court here. Brotherhood of Railroad Trainmen v. Denver & Rio Grande Western R.R., 10 Cir., 370 F.2d 833 (Dec. 28, 1966); Hodges v. Atlantic Coast Line R.R., 5 Cir., 363 F.2d 534; Kemp v. Atchison, Topeka & Santa Fe Ry., 5 Cir., 358 F.2d 722.

■ NWA summarized its position by stating that if *Gunther* is interpreted as foreclosing a de novo hearing on the reinstatement issue, it reaches a result:

(1) Not sought by either party in *Gunther;*

(2) Contrary to the opinions of the author of the *Gunther* opinion, expressed in earlier dissents;

(3) Contrary to every case decided by every court considering the issue prior to *Gunther;*

(4) Contrary to the provisions of the United States Constitution;

(5) Irrelevant to the issues considered by the cases cited in the *Gunther* opinion;

(6) Obliterating the distinction created by Congress between 45 U.S.C. § 153 and §§ 157–159; and between § 184 and § 185;

(7) Ignoring the plain language of § 153 First (p); and

(8) Not reached by Congress until more than six months after the *Gunther* decision.

Many of such contentions have already been answered.

It is conceded that *Gunther* is the first Supreme Court case squarely adjudicating the issue before us. When the Supreme Court has spoken clearly upon the most recent occasion on which the pertinent issue has been considered, lower courts are bound to follow the pronouncements of law made.

In *Gunther,* the award was made by the National Railroad Adjustment Board created by 45 U.S.C.A. § 153. In our present case, the award was made by a System Adjustment Board created by

contract pursuant to statutory authority found in 45 U.S.C.A. § 184. Under the latter section airline employees and labor representatives are authorized and directed to establish by contract System Boards of Adjustment having jurisdiction not exceeding that of § 153 boards. It is conceded that jurisdiction equal to that of § 153 boards may be established.

As heretofore pointed out, the contract creating the System Board is broad and provides for the finality of Board rulings. NWA argues that prior to *Gunther* de novo reviews existed under the circumstances here present and that the parties by their contract could give the Board no greater power than existed by law in a § 153 Board. We believe such argument is based on a false premise. *Gunther* interprets the statutory law as it has at all times here material existed and does not purport to change any previous authoritative Supreme Court decision interpreting the statutory provisions with respect to the scope of review of a board's nonmonetary award.

International Ass'n of Machinists v. Central Airlines, Inc., 372 U.S. 682, 83 S.Ct. 956, 10 L.Ed.2d 67, holds that contracts and the adjustment boards for which they provide are creations of federal law and bound to the statute (§ 184) and its policy and are governed by federal law, and "that the federal law would look with favor upon contractual provisions affording *some* degree of finality to system board awards." 372 U.S. 682, 694, 83 S.Ct. 956, 963. See International Ass'n of Machinists, AFL-CIO v. Northwest Airlines, Inc., 8 Cir., 304 F.2d 206, 211.

Title 45 U.S.C.A. § 153 was amended subsequent to *Gunther* by Public Law 89–456, 80 Stat. 208, effective June 20, 1966. The second sentence of § 153 First (m) reading, "A copy of the awards shall be furnished to the respective parties to the controversy, and the awards shall be final and binding upon both parties to the dispute, except insofar as they shall contain a money award." was amended by striking therefrom the words "except insofar as they shall contain a money award." The second sentence of § 153 First (p) was amended by striking therefrom the words "shall be prima facie evidence of the facts therein stated" and inserting in lieu thereof, "shall be conclusive on the parties." A new paragraph (q) was added giving either the carrier or the employees a right to petition to the district court for review. It again provides that the Board's order shall be conclusive and goes on to say that it may be set aside if beyond the Board's jurisdiction or for fraud or corruption.

NWA urges that Congress in making the foregoing amendments reflects its belief that the act before amendment provided for de novo review. Such argument is not persuasive. The principal accomplishment of the amendment is to attach finality also to the money award, an issue on which *Gunther* held courts had power to consider new evidence. See Brotherhood of Railroad Trainmen v. Denver & Rio Grande Western RR., supra.[1]

The issue of the court's jurisdiction was not raised in the trial court. By reply brief, NWA urges that § 153 First (p) contains the exclusive provision for jurisdiction and that it likewise contains the provision that the Board's award "shall be prima facie evidence of the facts therein stated." The first sentence of such section is broad, reading:

"If a carrier does not comply with an order of a division of the Adjustment Board within the time limit in such order, the petitioner, or any person

1. It is interesting to note that the Tenth Circuit in Brotherhood of Railroad Trainmen determined that the 1966 amendments, which became effective while the appeal was pending before them, were controlling upon the basis that the repeal of the law conferring jurisdiction, absent a saving clause for pending cases, destroys jurisdiction in the pending case. Such issue was not raised in the case before us either in the trial court or upon appeal. Hence under the rules of judicial administration, we express no view upon such issue here.

for whose benefit such order was made, may file in the District Court of the United States for the district in which he resides or in which is located the principal operating office of the carrier, or through which the carrier operates, a petition setting forth briefly the causes for which he claims relief, and the order of the division of the Adjustment Board in the premises."

The quoted section appears to be broad enough to confer jurisdiction. We do not believe that the asserted inconsistency between sub-sections (p) and (m) goes to the extent of destroying jurisdiction. It is a familiar rule of statutory construction that statutes must be read together and that the legislative intent must be given effect if possible. See 82 C.J.S. Statutes §§ 345, 366, and cases there cited.

■ *Gunther* expressly holds that the § 153 First (m) provision of finality controls as to nonmonetary awards. The jurisdictional issue is not discussed in *Gunther*. Federal courts are bound to satisfy themselves with respect to jurisdiction, whether the issue is raised or not. *Gunther* obviously is decided upon the basis that jurisdiction exists as to the money award.

■ It is quite true, as urged by NWA, that the Seventh Amendment guarantees trial by jury in suits of common law. However, it is equally well-settled that a right to a jury trial may be waived. Here the parties by their contract providing for final determination of minor disputes by a Systems Board authorized by § 184 waived any constitutional right they might have had to a jury trial. Moreover, actions to enforce awards under arbitration agreements or statutes were not known to the common law. Courts in furtherance of the express policy favoring compulsory arbitration in labor disputes have customarily limited the scope of review of arbitration awards. Gunther v. San Diego & Arizona Eastern Ry., supra; United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 596, 80 S.Ct. 1358, 4 L.Ed.2d 1424;

Brotherhood of Railroad Trainmen v. Denver & Rio Grande RR., supra. A contrary ruling on the jury trial issue would upset a long line of cases limiting review of arbitration awards.

We have given careful consideration to all the contentions vigorously urged by able counsel. We hold that the trial court correctly determined that the award made was not arbitrary or capricious and that NWA is not entitled to a de novo review of the portion of the award requiring reinstatement of Rall and Lee.

Affirmed.