370 F.2d 833
 BROTHERHOOD OF RAILROAD TRAINMEN, A. J. Crosby, J. W.
Crocker, J. C. Davis, F. A. Merritt, R. P.
Parsons, A. Subry, T. A. Springer, and
B. L. True, Appellants,
v.
DENVER AND RIO GRANDE WESTERN RAILROAD COMPANY, Appellee.
DENVER AND RIO GRANDE WESTERN RAILROAD COMPANY, Cross-Appellant,
v.
BROTHERHOOD OF RAILROAD TRAINMEN, A. J. Crosby, J. W.
Crocker, J. C. Davis, F. A. Merritt, R. P.
Parsons, A. Subry, T. A. Springer, and
B. L. True, Cross- Appellees.
 Nos. 8278, 8279.
 United States Court of Appeals Tenth Circuit.
 Dec. 28, 1966, Rehearing Denied Feb. 3, 1967.
 
 James L. Highsaw, Jr., Washington, D.C., (Philip Hornbein, Jr., Hornbein & Hornbein, Denver, Colo., and Mulholland, Hickey & Lyman, Toledo, Ohio, of counsel, on the brief), for appellants and cross-appellees.
 Martin Lucente, Chicago, Ill., (Ernest Porter, Kenneth D. Barrows, Denver, Colo., Walter J. Cummings, Jr., Richard H. Compere and Sidley, Austin, Burgess & Smith, Chicago, Ill., of counsel, on the brief), for appellee and cross-appellant.
 Before MURRAH, Chief Judge, and PICKETT and LEWIS, Circuit Judges.
 DAVID T. LEWIS, Circuit Judge.
 
 
 1
 On January 15, 1962 appellant filed in the District Court for the District of Colorado a petition under section 3 First (p) of the Railway Labor Act, 45 U.S.C. 153 First (p), seeking enforcement of an order of the National Railroad Adjustment Board, First Division. The Board order had granted the sum of $472,000 to the individual appellants, employees of the appellee railroad and members of the appellant Brotherhood, as an award compensating the claimants for services required by the railroad in violation of their collective bargaining agreement. The contract controversy involved the 'herding' of locomotives and the award constituted a full day's pay for each claim filed. By its judgment, the district court held that substantial evidence supported the Board's determination that the railroad had violated the of its collective bargaining agreement but that the Board had incorrectly determined the proper measure of the allowable award. The district court allowed judgment for nominal damages in the amount of one dollar per day rather than a full day's pay for each incident of contract violation. By appeal and cross appeal the parties assert error in that portion of the judgment that is adverse to their respective interests.
 
 
 2
 At the time judgment was entered in the district court jurisdiction existed for each facet of the judgment including the reassessment of the amount of the award. 45 U.S.C. 153 First (m); Gunther v. San Diego & A.E. Ry.,382 U.S. 257, 86 S.Ct. 368, 15 L.Ed.2d 308. And the case was first submitted to this court in such posture of the governing law. However, on June 20, 1966 the Railway Labor Act was amended by Public Law 89-456, 80 Stat. 208, which provided for severe restraints on the scope of judicial review of awards of the Railroad Adjustment Board.[1]
 
 
 3
 Prior to the 1966 amendment, section 3 First (m) of the Railway Labor Act read in pertinent part:
 
 
 4
 'The awards of the several divisions of the Adjustment Board shall be stated in writing. A copy of the awards shall be furnished to the respective parties to the controversy, and the awards shall be final and binding upon both parties to the dispute, except insofar as they shall contain a money award. * * *'
 
 
 5
 This provision was amended by section 2(a) of the 1966 Act by deleting the words 'except insofar as they shall contain a money award.'
 
 
 6
 Prior to the 1966 amendment, section 3 First (p) of the Railway Labor Act provided that in suits for enforcement of Adjustment Board awards in the district courts of the United States, '* * * the findings and order of the division of the Adjustment Board shall be prima facie evidence of the facts therein stated * * *.' This language was changed by the 1966 amendment to read as follows:
 
 
 7
 '* * * the findings and order of the division of the Adjustment Board shall be conclusive on the parties * * *.'
 
 
 8
 A new paragraph (q) was added to section 3 First of the Act which gives any aggrieved party the right to petition a district court for review of an Adjustment Board decision and provides that 'On such review, the findings and order of the division shall be conclusive on the parties, except that the order of the division may be set aside, in whole or in part, or remanded to the division, for failure of the division to comply with the requirements of this Act, for failure of the order to conform, or confine itself, to matters within the scope of the division's jurisdiction, or for fraud or corruption by a member of the division making the order. The judgment of the court shall be subject to review as provided in sections 1291 and 1254 of title 28, United States Code.'
 
 
 9
 As we have earlier indicated, this action was pending before us on June 20, 1966, the effective date of Public Law 89-456. It is very clear that the judgment of the district court, regardless of its correctness when entered, must now be given appellate consideration in view of the amendments to the controlling statutes. Carpenter v. Wabash Ry., 309 U.S. 23, 26, 27, 60 S.Ct. 416, 84 L.Ed. 558. See also Hines v. Davidwitz, 312 U.S. 52, 61 S.Ct. 399, 85 L.Ed. 581; American Steel Foundries v. Tri-City Central Trades Council, 257 U.S. 184, 42 S.Ct. 72, 66 L.Ed. 189. And it has specifically been held that the repeal of a law conferring jurisdiction, absent a savings clause for pending cases, destroys jurisdiction in pending cases. Bruner v. United States, 343 U.S. 112, 72 S.Ct. 581, 96 L.Ed. 786. Our case falls squarely within the compulsion of those rules, for with the repeal of the district court's jurisdiction to review money awards the jurisdictional foundation for its judgment as to the amount of the award no longer exists. The judgment in such respect must be set aside, unless, as the appellee railroad contends, the Board order is invalid even within the scope of the amendments or Public Law 89-456 is unconstitutional in inception.
 
 
 10
 Section 2(d) of Public Law 89-456 provides in part that an order of the Adjustment Board '* * * may not be set aside except for failure of the order to conform, or confine itself, to matters within the scope of the division's jurisdiction * * *.' The appellee railroad projects against the amended statute a continuation of two of their original protests to the Board decision and order: refusal of the Board to apply the rule of res judicata or collateral estoppel[2] and the affirmative application of a full day's wage as the measure of damages for each instance of contract violation. We can accord no merit to the claim that, under present limitations on review, the order can or must be set aside. The defenses of res judicata and collateral estoppel are affirmative defenses that, even prior to the amendment, were doubtful subjects of judicial review. See Hodges v. Atlantic Coast Line R.R., 5 Cir., 363 F.2d 534, interpreting Gunther v. San Diego & A.E. Ry., 382 U.S. 257, 86 S.Ct. 368, 15 L.Ed.2d 308. Since review under the cited portion of Public Law 89-456 is now limited 'to matters within the scope of the division's jurisdiction,' defenses other than jurisdiction defenses are not subject to judicial review by virtue of the specific wording of the statute itself. So, too, the Board's determination of the amount of the award is final absent a jurisdictional defect. The measure of damages, like the application of affirmative defenses, offers no jurisdictional question.
 
 
 11
 Finally, the railroad contends that Public Law 89-456, by making the findings of the Board conclusive and by refusing review of an order requiring the payment of money damages, is violative of the Seventh Amendment right to trial by jury. We can place no constitutional significance in the statutory amendments as such. The right to a jury in the district court existed before the 1966 amendments and it exists now. The significance of the amendments lies in bounding the already limited scope of judicial review so that the merits of the controversy are in reality a closed question after determination by the Board. Such power in Congress is recognized by the Supreme Court as proper in the field of railway labor law in Gunther and reflects the theory that compulsory arbitration of labor disputes must be final, for the 'federal policy of settling labor disputes by arbitration would be undermined if courts had the final say on the merits of the awards.' United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 596, 80 S.Ct. 1358, 4 L.Ed.2d 1424.
 
 
 12
 Although the Board's consideration of the issues was prior to the effective date of Public Law 89-456, the amendments do not require any further administrative proceedings. Cf. Transportation-Communication Employees Union v. Union Pacific R.R., 87 S.Ct. 369, decided December 5, 1966. Accordingly the case is remanded to the district court with instructions to enforce the award.
 
 
 
 [1]
 The parties have since filed supplemental briefs
 
 
 [2]
 An earlier Board decision had upheld the railroad's position concerning the contract duty to 'herd' locomotives