The ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY, Petitioner,

v.

PUBLIC LAW BOARD NO. 296 and United Transportation Union (Trainmen), Respondents.

No. 70 C 2164.

United States District Court,
N. D. Illinois, E. D.

April 18, 1972.

S. R. Brittingham, Jr., J. P. Frestel, Jr., Chicago, Ill., for petitioner.

John J. Naughton, Chicago, Ill., for respondents.

## MEMORANDUM OPINION

McLAREN, District Judge.

This action is before the Court on cross motions for summary judgment. There is no genuine issue as to any material fact. Claimant James H. Ray (hereinafter "claimant"), who is not a party to this action but whose interests are represented by the United Transportation Union (Trainmen) (hereinafter

"Union"), was injured on July 20, 1966 in the course of his employment with the Atchison, Topeka and Santa Fe Railway Company (hereinafter "Santa Fe"). Subsequently, claimant filed an action against Santa Fe under the Federal Employers' Liability Act. 45 U.S.C. § 51 et seq. That action was tried before a jury in February 1967. The jury awarded claimant $107,858, which was reduced 30% to reflect contributory negligence on his part. Judgment was entered for $75,500.60 and it was satisfied.

Thereafter, claimant's name was removed from Santa Fe's seniority roster on the ground that he had claimed and been compensated for total and permanent disability as a brakeman and was estopped from asserting any rights as a Santa Fe employee. The Union protested the removal of claimant's name from the seniority roster and filed a grievance stating its claim that Santa Fe, by so doing, had violated the collective bargaining agreement applicable to employees in the craft in which claimant worked. The Union exhausted the avenues of appeal within the company.

Subsequently, the Union sought to have the dispute considered by a Public Law Board under Section 3, Second, of the Railway Labor Act (hereinafter "Act"). 45 U.S.C. § 153. Santa Fe agreed to participate in those proceedings without waiver of its contention that the matter in issue was not referrable to any board under Section 3 of the Act. Pursuant to the Act, the National Mediation Board established Public Law Board No. 296 (hereinafter "the Board"), nominally a respondent herein, and named Professor Roy R. Ray as "Procedural Neutral." Professor Ray received written submissions and conducted a hearing at which the parties were represented. On April 14, 1969, he handed down his award, holding that the dispute, including the issue of estoppel, was within the substantive jurisdiction

of the Board.* The Union's representative concurred and Santa Fe's representative dissented.

Thereafter, the National Mediation Board named Mr. David Dolnick as the "Merits Neutral." He convened the Board in Chicago and heard the dispute on the merits. In his award of June 29, 1970, Dolnick concluded that the estoppel contentions of Santa Fe were not applicable to the facts and circumstances at hand. He ordered Santa Fe to reinstate the claimant to its seniority roster. The Union member of the Board concurred and the carrier member dissented.

Santa Fe has not complied with the Board's order and it has filed a Petition for Review of that order under 45 U.S.C. § 153, First (q) and 28 U.S.C. § 1337. The Union has counterclaimed for enforcement of the award. Both parties have moved for summary judgment. Judgment will be entered for the Union and against the Santa Fe.

I.

Santa Fe first argues that the Board's jurisdiction did not extend to the estoppel question. The Board's jurisdiction is set out in Section 3, First (i) of the Act which gives it jurisdiction over "disputes between an employee or group of employees and a carrier or carriers growing out of grievances or out of the interpretation or application of agreements concerning rates of pay, rules, or working conditions . . . ." Santa Fe contends that whether or not an employee is estopped from claiming seniority after recovery in a personal injury suit is not an industrial type of grievance and has nothing to do with collective bargaining agreements.

█ It is well established that the Railway Labor Act is a comprehensive system for disposing of all disputes between railway employees and unions, and railway companies. See Gunther v.

---

* Section 3 Second of the Act empowers such a Procedural Board to "determine all matters not previously agreed upon . . . with respect to the establishment and jurisdiction of the board."

San Diego & Arizona Eastern Ry., 382 U.S. 257, 86 S.Ct. 368, 15 L.Ed.2d 308 (1965); Elgin, J. & E. Ry. v. Burley, 325 U.S. 711, 65 S.Ct. 1282, 89 L.Ed. 1886 (1945); Illinois Central R. R. v. Brotherhood of Railroad Trainmen, 398 F.2d 973 (7th Cir. 1968). In view of this, Congress can hardly be deemed to have intended that estoppel questions must be decided by the courts every time one is raised in a proceeding otherwise subject to a Public Law Board's jurisdiction. Indeed, it is conceded that carriers and employee representatives have long accepted the power of Section 3 Boards to determine estoppel questions (see Ex. 1 to Petition for Review), and no good reason appears why a different rule should apply now.

■ But aside from this, the estoppel issue here is but one of the matters to be decided in determining whether the claimant's seniority rights under the collective bargaining agreement were violated by the removal of his name from the seniority roster. The undoubted power in the Board to determine such claims necessarily encompasses the power to decide related and subordinate questions, including estoppel claims. See Hodges v. Atlantic Coastline R. R., 363 F.2d 534 (5th Cir. 1966); Southern Pacific Co. v. Leidenheimer, 296 F.Supp. 1377 (E.D.La.1969).

## II.

In its second argument, Santa Fe contends that even if the Board had jurisdiction, it exceeded that jurisdiction because it allegedly did not consider Santa Fe's judicial estoppel argument but considered estoppel arguments not presented by Santa Fe, ruled them inapplicable, and rejected the authority which Santa Fe relied upon.

■ This is not tenable. The Board did consider Santa Fe's judicial estoppel argument and the case it principally relied on, Scarano v. Central R. R. of New Jersey, 203 F.2d 510 (3d Cir. 1953). See Award of Public Law Board No. 296 at pp. 4, 5, 9 (July 9, 1970) (hereinafter

"Award"). The Board distinguished *Scarano* on its facts, noting that claimant here had not claimed permanent disability while Scarano had done so. Award at 4, 5, 9. The Board considered collateral estoppel and estoppel in pais because those doctrines had been discussed in *Scarano*.

■ Although the Board does seem to distinguish Jones v. Central of Georgia Ry., 331 F.2d 649 (5th Cir. 1964), and the rulings of Public Law Board No. 276 (March 18, 1969) and 269 (February 4, 1970) on the mistaken assumption that those rulings involved collateral estoppel, this does not necessarily constitute fatal error. Rather, it is but one factor to be taken into account in determining whether the Board's decision is "without foundation in reason or fact." See Brotherhood of Railroad Trainman v. Central of Georgia Ry., 415 F.2d 403, 412 (5th Cir.), *cert. denied,* 396 U. S. 1008, 90 S.Ct. 564, 24 L.Ed.2d 500 (1969); *Gunther v. San Diego & Arizona Eastern Ry., supra.*

## III.

Santa Fe's final argument is that even if the Board did not exceed its jurisdiction, its award is wholly without basis in reason or fact because the Board disregarded the clear import of the testimony of claimant and his physicians relative to the extent of disability claimed. Not so. The Board based its decision on the grounds that (1) the claimant did not claim permanent disability in the personal injury action and (2) the verdict in the personal injury action was not intended to compensate claimant for permanent disability. These conclusions are not without basis in reason or fact. See, *e. g., Gunther v. San Diego & Arizona Eastern Ry., supra;* Gibson v. Missouri Pacific R. R., 314 F.Supp. 1211 (E.D.Tex.1970); *Southern Pacific v. Leidenheimer, supra;* S.Rep. 1201, 1966 U.S.Code & Cong.Admin. News at 2287.

The Board was persuaded by the absence of allegations of permanent dis-

ability in the pleadings in the personal injury action. It also found no categorical, unequivocal testimony that claimant's injury was total and permanent. The record shows that one of claimant's physicians said claimant's disability could be somewhat lessened by successful surgery. Claimant's other physician expressed the opinion that claimant would not ever be able to return to his former job. Upon direct examination, claimant stated his opinion that he would not ever be able to return to his former duties as brakeman. The Board concluded that it was possible, if not probable, that the disability might be lessened sufficiently for the claimant to be able to perform his former duties.

 Even if it could be said that the Board's conclusion that permanent disability was 'not claimed in the personal injury action was wholly without basis, this would not be enough to overturn the Board's decision. For estoppel to be applicable, claimant must not only have claimed permanent disability but the verdict must reflect compensation for permanent disability. See *Jones v. Central of Georgia Ry., supra; Scarano v. Central R. R. of New Jersey, supra; Gibson v. Missouri Pacific R. R., supra.*

Here claimant received $75,500.60. In the four years that elapsed between his recovery and the Board's decision, he lost earnings amounting to approximately $40,000. Furthermore, for all that appears claimant is not yet ready to return to work but is only seeking reinstatement on the seniority roster. The Board held that under these circumstances it could not infer that the judgment was intended to compensate claimant for permanent disability. It found that claimant's earning potential for the 18 years of work he had remaining at the time of the injury was substantially more than the amount of the verdict or the judgment. At the least, it appears that the verdict was small enough to be ambiguous, and on this basis the Board's decision may not be overturned. See *Gibson v. Missouri Pacific R. R., supra.*

For the foregoing reasons, Santa Fe's motion for summary judgment is denied and the Union's motion for summary judgment is granted. The Board's order will be enforced; the Petition for Review is denied. The Union is awarded its costs and attorneys' fees. 45 U.S.C. § 153, First (p).