**In the Matter of the Arbitration between AMERICAN AIRLINES, INC.**

**and**

**LOCAL 501, TRANSPORT WORKERS UNION OF AMERICA, AFL–CIO.**

**In the Matter of DISCHARGE OF Noel VICKERS.**

**No. 86 C 519.**

United States District Court, E.D. New York.

May 2, 1986.

National Employment Law Project, Inc., New York City (Alison Berry-Harding, of counsel), Queens Legal Services Corp., Long Island City, N.Y. (Mark Speres, Michael Marino, Doris E. Mortis, of counsel), for petitioner.

Seyfarth, Shaw, Fairweather & Geraldson, New York City (Eric Rosenfeld, Jedd Mendelson, of counsel), for respondent.

## MEMORANDUM AND ORDER

NICKERSON, District Judge.

Petitioner Noel Vickers moves for an order vacating an arbitration award pursuant to 45 U.S.C. § 153 First (q). Respondent American Airlines moves to dismiss the petition pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

On July 19, 1983 American Airlines discharged Vickers for allegedly stealing company milk containers and four airline meals. He filed for unemployment insurance benefits, and on his behalf his union filed a grievance that was eventually submitted to arbitration before the New York Area Board of Adjustment (Area Board) established under the Railway Labor Act, 45 U.S.C. § 184.

The unemployment insurance hearing took place first. The Administrative Law Judge (ALJ) found no misconduct and awarded petitioner benefits on March 30, 1984. American Airlines appealed the decision to the Unemployment Insurance Appeal Board.

On May 31 and June 25, 1984 the Area Board held an arbitration hearing. On September 13, 1984, after the hearing had concluded but before the Area Board announced its decision, the Unemployment Insurance Appeal Board affirmed the decision of the ALJ. American Airlines did not appeal. Finally on November 5, 1985 the Area Board found that American Airlines discharged Vickers for just cause.

Petitioner argues that the arbitration award should be vacated because the Area Board exceeded its jurisdiction by failing to give collateral estoppel effect to the factual findings of the ALJ. Defendant, in opposition, asserts that an Area Board is not bound by the doctrine of collateral estoppel.

Judicial review of adjustment board orders is extremely narrow. *Union Pacific R.R. v. Sheehan*, 439 U.S. 89, 99 S.Ct. 399, 58 L.Ed.2d 354 (1978). The findings and order of the Area Board are conclusive on the parties unless the court finds that the Area Board in this case failed to "conform,

or confine, itself to matters within the scope of its jurisdiction." 45 U.S.C. § 153 First (q).

Petitioner has not cited nor has this court found any cases in which a court vacated an award because the Area Board failed to give collateral estoppel effect to issues of fact or law decided in a prior action. Instead it is the Area Board that decides whether to apply collateral estoppel, *see Atchison Topeka and Santa Fe Ry. v. Public Law Board No 296*, 340 F.Supp. 1136 (N.D.Ill.1972), and a court may not review this decision. *Brotherhood of R.R. Trainmen v. Denver and Rio Grande Western R.R.*, 370 F.2d 833, 836 (10th Cir.), cert. denied, 386 U.S. 1018, 87 S.Ct. 1375, 18 L.Ed.2d 456 (1967). *See also Gunther v. San Diego, Arizona Eastern R.R.*, 382 U.S. 257, 264, 86 S.Ct. 368, 372, 15 L.Ed.2d 308 (1965).

■ That the Area Board never considered petitioner's collateral estopped argument makes no difference. Petitioner did not bring the decision of the ALJ or the Unemployment Insurance Appeal Board to the attention of the Area Board, and this court has no authority to order the Area Board to consider the prior findings of fact. The Area Board did not exceed its jurisdiction because it failed to consider the findings of the Unemployment Insurance Appeal Board.

■ Petitioner also argues that the Area Board exceeded its jurisdiction because it rendered its award beyond the thirty day limit imposed by the collective bargaining agreement. In *West Rock Lodge No 2120 v. Geometric Tool Company*, 406 F.2d 284 (2d Cir.1968), the Second Circuit held that any time limits imposed on an arbitrator are "directory" rather than "mandatory" and that it is within a reviewing court's discretion to uphold a late award if "no objection to the delay has been made prior to the rendition of the award or there is no showing that actual harm to the losing party was caused by the delay." *Id.* at 286.

Here petitioner has shown no actual harm other than the Area Board's decision in favor of American Airlines. Therefore, the court will not set aside the award.

The motion to dismiss the petition is granted. So ordered.