Christine A. CUMMINGS,
et al., Plaintiffs,

v.

Kathleen CONNELL, Controller, State
of California, et al., Defendants.

No. CIV.S–99–2176 WBS/DAD.

United States District Court,
E.D. California.

Aug. 29, 2003.

Amended Judgment Oct. 8, 2003.

Steven R Burlingham, Gary Till and Burlingham, Sacramento, CA, W. James Young, Pro Hac Vice, National Right to Work Legal Defense Foundation Inc., Springfield, VA, Dylan Bradley Carp, Kirkpatrick and Lockhart, LLP, San Francisco, CA, for Plaintiffs.

Warren Curtis Stracener, California Department of Personnel Administration, Legal Division, Sacramento, CA, Christopher C. Foley, Attorney General's Office of Cal-

ifornia, Dept. of Justice, Los Angeles, CA, Leslie R. Lopez, Attorney General's Office for California, Sacramento, CA, for Kathleen Connell.

Warren Curtis Stracener, California Department of Personnel Administration, Legal Division, Sacramento, CA, for Marty Morgenstern.

Warren Curtis Stracener, California Department of Personnel Administration, Legal Division, Sacramento, CA, Harry J. Gibbons, Jr., Anne Maria Giese, California State Employees Association, Sacramento, CA, Jeffrey Brian Demain, Altshuler, Berzon, Nussbaum, Rubin and Demain, San Francisco, CA, for California State Employees Association, Local 1000 and Local 1000 Service Employees International Union AFL–CIO–CLC.

### MEMORANDUM AND ORDER

SHUBB, District Judge.

This 42 U.S.C. § 1983 action arises from the failure of defendant California State Employees Association ("CSEA") to provide non-union members with sufficient notice of "fair share" fees pursuant to *Chicago Teachers Union v. Hudson,* 475 U.S. 292, 310, 106 S.Ct. 1066, 89 L.Ed.2d 232 (1986). On May 2, 2001, this court granted plaintiffs' motion for summary judgment in part and awarded partial restitution of withdrawn fees to all nonmembers. On appeal, the Ninth Circuit "affirmed in part, reversed in part and remanded." *Cum-*

*mings v. Connell,* 316 F.3d 886 (9th Cir. 2003). Plaintiffs now bring this motion for summary judgment and/or amendment of judgment on remand.

### I. Factual and Procedural Background

CSEA is the exclusive representative for nine bargaining units of California state employees. In March 1999, CSEA entered into collective bargaining agreements that permitted the state to deduct and forward to CSEA "fair share" fees for nonmember employees in CSEA-represented bargaining units. The "fair share" fee purportedly represented the nonmembers' share of the cost of collective bargaining. These "fair share" fee deductions commenced in April 1999.

In April 1999, June 1999,[1] and twice in January 2000, CSEA sent notices to nonmembers explaining the "fair share" fee deductions. This court found that those notices did not comply with the *Hudson* requirements[2] for providing fee payers sufficient information to object to and challenge CSEA's fee calculations. *See Cummings v. Connell,* 177 F.Supp.2d 1060, 1066–68 (E.D.Cal.2001). In May 2000, CSEA finally issued a *Hudson*-compliant notice and renewed the opportunity for nonmembers to object and to receive their money back with interest.

On May 2, 2001, this court granted plaintiffs' motion for summary judgment in part and awarded restitution of the non-

---

**1.** The June 1999 notice divided CSEA's 1998 expenditures into three categories: (1) those chargeable to fee payers; (2) those not chargeable to fee payers; and (3) those partially chargeable to fee payers.

**2.** Although nonunion members may be compelled to pay a share of the cost of collective bargaining, they can not be compelled to contribute money that will be used to finance ideological causes because this would violate the nonmembers' First Amendment rights. *See Abood v. Detroit Bd. of Educ.,* 431 U.S.

209, 97 S.Ct. 1782, 52 L.Ed.2d 261 (1977). In *Hudson,* nonunion employees of the board of education brought a suit challenging the procedure established pursuant to a collective bargaining contract for determining the proportionate share that nonunion employees were required to contribute to support the union as a collective bargaining agent. *See Hudson,* 475 U.S. at 292, 106 S.Ct. 1066. The Supreme Court held the procedure to be constitutionally inadequate and articulated requirements for the union's collection of agency fees. *See id.* at 309, 106 S.Ct. 1066.

chargeable portion of the withdrawn fees to all nonmembers, including those who did not object pursuant to the May 2000 notice. On appeal, the Ninth Circuit found that "the district court went too far in ordering partial restitution to all class members" because "the nonmembers all eventually received notices with sufficient information under *Hudson* and a renewed opportunity to object and receive their money back with interest." *Cummings*, 316 F.3d at 894–95. The Ninth Circuit stated further: "We fail to see how plaintiffs suffered any compensable harm (aside from nominal damages) from the initial defective notice." *Id.* at 895.

This case is now before the court on plaintiffs' motion for summary judgment and/or amendment of judgment seeking nominal damages. Specifically, plaintiffs seek "payment of $1.00 for each illegal fee seizure suffered by each Plaintiff and class member, and $1.00 for each constitutionally-inadequate notice received by each Plaintiff and class member, or nominal damages of up to $17.00 per Plaintiff and class member." (Reply at 15).

## II. *Discussion*

The court must grant summary judgment to a moving party "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The party adverse to a motion for summary judgment may not simply deny generally the pleadings of the movant; the adverse party must designate "specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).[3]

### A. *Ninth Circuit Opinion*

At the outset, CSEA argues that the court is precluded from awarding nominal damages to plaintiffs on remand because: (1) plaintiffs waived nominal damages by not specifically requesting them in their appellate briefs to the Ninth Circuit; and (2) this court has no power to grant "any other or further relief" than what the Ninth Circuit has mandated. *In re Beverly Hills Bancorp*, 752 F.2d 1334, 1337 (9th Cir.1984).

First, the court is aware of no authority for the proposition that the failure to seek nominal damages on appeal constitutes a waiver where, as here, plaintiff's entitlement to nominal damages arose only by virtue of the appellate court's reversal of compensatory damages.[4] Here, it is undisputed that plaintiffs properly requested nominal damages in their complaint, (Cmpl. ¶ 1,3), as well as in their original summary judgment papers. In granting summary judgment in favor of

---

**3.** CSEA argues that plaintiffs violated Local Rule 56–260(a) by failing to submit a Statement of Undisputed Facts ("SUF") along with this motion. *See* Local Rule 56–260(a) ("Each motion for summary judgment or summary adjudication shall be accompanied by a 'Statement of Undisputed Facts' which shall enumerate discretely each of the specific material facts relied upon in support of the motion."). While it is true that this motion was unaccompanied by a SUF, that document was made unnecessary by the fact that the court had already determined the undisputed facts in adjudicating the earlier summary judgment cross-motions. The parties apparently did not appeal those factual determinations to the Ninth Circuit. Under these circumstances, plaintiff's decision not to engage in the empty exercise of submitting a new SUF will not bar our consideration of this motion.

**4.** The only case cited by CSEA to support this argument, *Fitzgerald v. Century Park, Inc.*, 642 F.2d 356, 359 (9th Cir.1981), concerns a situation in which the court rejected a claim for nominal damages raised for the first time on appeal.

plaintiffs, this court did not award nominal damages because it found compensatory damages appropriate instead. *See Schneider v. County of San Diego*, 285 F.3d 784, 795 (9th Cir.2002) ("Nominal damages are normally awarded when a plaintiff is unable to demonstrate an entitlement to compensatory damages."); *see also Chesapeake & Potomac Tel. Co. v. Clay*, 194 F.2d 888, 889 (D.C.Cir.1952) ("Obviously, a plaintiff cannot be entitled to both [nominal and compensatory] damages."). The issue on review before the Ninth Circuit, therefore, was plaintiffs' entitlement to *compensatory* damages, and the issue of nominal damages did not arise until *after* the compensatory damages award was vacated. Plaintiffs did not waive their nominal damages claim by failing to request a form of relief to which they were not entitled at the commencement of the appeal because their entitlement to compensatory damages was still in place.

■ Second, the Ninth Circuit's opinion did not preclude this court from awarding nominal damages. CSEA argues that: (1) the Ninth Circuit's observation about plaintiffs' nominal *injury* does not constitute a direction to *award* nominal damages; (2) the Ninth Circuit opinion contains no specific direction to award nominal damages on remand[5]; and (3) such an award by this court would constitute relief "other or further" than what was mandated by the appellate court. However, on remand, the trial court retains the power to decide issues left undecided by the appellate court. *See Liberty Mut. Ins. Co. v. EEOC*, 691 F.2d 438 (9th Cir.1982) ("Lower courts are free to decide issues on remand so long as they were not decided on a prior

appeal."); *see also Quern v. Jordan*, 440 U.S. 332, 347 n. 18, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979) ("While a mandate is controlling as to matters within its compass, on the remand a lower court is free as to other issues."); *cf. United States v. Ponce*, 51 F.3d 820, 826 (9th Cir.1995) (holding that resentencing on remand is presumed to be a general remand for de novo sentencing unless there is "clear evidence" of a limited remand) (citing *United States v. Caterino*, 29 F.3d 1390, 1395–96 (9th Cir.1994)).

Here, the Ninth Circuit opinion contains no specific mandate about the remedies to be awarded on remand—only the statement that plaintiffs suffered nominal but not compensable injuries. Even if CSEA is correct that the Ninth Circuit was silent as to whether nominal damages should be *awarded* to plaintiffs, this court remains free to award nominal damages as long it does so in a manner consistent with the appellate court's findings. A decision by this court to award nominal damages to plaintiffs, far from being relief "further or other than" the Ninth Circuit mandate, would be perfectly consistent with the Ninth Circuit's determination that plaintiffs suffered nominal injuries.

Accordingly, this court is not precluded from considering plaintiffs' request for nominal damages by either waiver or Ninth Circuit mandate.

### B. *Nominal Damages*

■ Typically, a plaintiff who proves a violation of his or her constitutional rights is "legally entitled to judgment with a mandatory nominal damages award of $1.00 as a symbolic vindication of [his or] her constitutional right." *Floyd v. Laws*, 929 F.2d 1390, 1403 (9th Cir.1991); *see*

---

**5.** The only specific direction provided by the Ninth Circuit was: "On remand, the district court should reconsider the issue of attorneys' fees and costs to determine whether further

reduction is appropriate in light of our decision regarding the proper remedy for the Hudson violation." *Cummings*, 316 F.3d at 898.

*also Schneider*, 285 F.3d at 794 ("[N]ominal damages must be awarded if a plaintiff proves a violation of his [or her] constitutional rights.").

In light of the Ninth Circuit opinion, the issue of whether plaintiffs suffered an injury entitling them to nominal damages is not a matter of dispute. However, the parties are in dispute as to: (1) which plaintiffs should receive nominal damages and (2) the amount of nominal damages each plaintiff should receive.

### 1. *Which Plaintiffs Should Receive Nominal Damages*

Plaintiffs argue that each member of the plaintiff class has been subjected to a constitutional violation and should therefore receive individual vindication. CSEA, on the other side, argues that where, as here, the plaintiff class is large, awarding even $1.00 to each class member offends the principles underlying nominal damages. Specifically, CSEA cites the Supreme Court's discussion of the purpose of nominal damages in *Carey v. Piphus*, 435 U.S. 247, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978):

> Common-law courts traditionally have vindicated deprivations of certain "absolute" rights that are not shown to have caused actual injury through the award of a nominal sum of money. By making the deprivation of such rights actionable for nominal damages without proof of actual injury, the law recognizes the importance to organized society that those rights be scrupulously observed; but at the same time, it remains true to the principle that *substantial damages should be awarded only to compensate*

actual injury or, in the case of exemplary or punitive damages, to deter or punish malicious deprivations of rights.

*Carey*, 435 U.S. at 266, 98 S.Ct. 1042 (emphasis added). CSEA argues that, because awarding even $1.00 to each of the 37,000 members of the plaintiff class would add up to "substantial damages", $1.00 should be awarded only to each of the named plaintiffs or to the plaintiff class as a single unit.

There is a dearth of authority on how nominal damages are to be awarded in large class actions without contravening the Supreme Court's directive that "substantial damages" should issue only compensatory and punitive purposes.[6] Consequently, this court is left to its own devices to resolve the two issues presented by CSEA's argument: (1) at what point do nominal damages become prohibitively "substantial" under *Carey*; and (2) which plaintiffs in a large class action should receive nominal damages if not every individual class member.

First, the court agrees with CSEA that even $37,000 represent a "substantial" rather than a nominal amount of damages. Although the *Carey* Court offered no numerical bright lines as to what does or does not constitute "substantial damages", this court has no trouble concluding that $37,000 is a "substantial" award against a defendant that has, according the Ninth Circuit, caused no compensable injuries to plaintiffs.

Second, having so concluded, the court faces the task of accomplishing the purpose of nominal damages while distributing them to a narrower group of plaintiffs.[7]

---

**6.** Although plaintiffs have cited two union notice cases in which the court awarded $1.00 to each member of the prevailing plaintiff class, *Hohe v. Casey*, 956 F.2d 399, 415 (3d Cir.1992) and *Abrams v. Communications Workers of Am., AFL–CIO*, 23 F.Supp.2d 47, 54 (D.D.C.1998), neither case discusses the

argument presented here by defendants—that awarding nominal damages in substantial amounts offends the principles of nominal damages expressed in *Carey*.

**7.** The court has considered, and rejects, the idea of awarding nominal damages of some-

Looking again to the Supreme Court's opinion in *Carey,* nominal damages serve the purpose of "recogniz[ing] the importance to organized society that [certain 'absolute'] rights be scrupulously observed . . . ." *Carey,* 435 U.S. at 266, 98 S.Ct. 1042. CSEA suggests, and the court agrees, that this purpose can be accomplished by awarding nominal damages only to each class representative in his or her representative capacity. The named plaintiffs have nominated themselves as, and were determined by the court to be, suitable representatives of the entire plaintiff class. The named plaintiffs have undertaken that representation in successfully prosecuting this section 1983 action. Just as the named plaintiffs represented the entire class in litigating this action, so, too, are they able to represent the entire class in accepting a symbolic recognition that CSEA violated constitutional rights.

In sum, the court finds that where, as here, awarding nominal damages to every class member would result in "substantial damages," the purpose of nominal damages is satisfied by awarding them only to class representatives in their representative capacity.

### 2. *Amount of Nominal Damages Per Plaintiff*

 Finally, plaintiffs seek nominal damages of $1.00 for each of seventeen "acts violating the nonmembers' constitutional rights", i.e., the thirteen fee seizures occurring between April 1999 to May 2000 and the four inadequate notices sent in April 1999, June 1999, and January 2000.

The premise underlying plaintiffs' request—that nominal damages are to be measured by the number of unconstitutional acts committed—reflects a fundamental misunderstanding of the nominal damages remedy. Nominal damages do not purport to measure anything, as compensatory and punitive damages do, but rather exist as a "purely symbolic vindication of [a] constitutional right." *Schneider,* 285 F.3d at 795 (internal quotations omitted).

In *Redding v. Fairman,* 717 F.2d 1105 (7th Cir.1983), a prison inmate alleged that he had been denied procedural due process in twelve disciplinary hearings and requested $1.00 for each constitutionally inadequate hearing he received. The Seventh Circuit rejected that argument as follows:

> Plaintiff . . . argues that he should receive $1 nominal damages for each separate violation of his due process rights . . . .
>
> Nominal damages are not compensation for loss or injury, but rather recognition of a violation of rights. Nominal damages do not measure anything. The plaintiff's argument thus must be rejected; we will not disturb the district court's decision to award only $1 nominal damages.

*Redding,* 717 F.2d at 1119.

Plaintiffs have not cited, and the court is not aware of, any case in which a court has awarded nominal damages "per unconstitutional act" as suggested in this motion. Further, the cases cited by plaintiffs in support of multiple nominal damage awards are either distinguishable or of little precedential value.[8] In plaintiffs'

---

thing less than $1.00 to each class member. E.g., an award of 1 cent per class member would result in a total award of only $370. However, it would cost defendants as much to cut 37,000 checks for $.01 each as it would to cut 37,000 checks for $1.00 each, and the court believes that an award of one penny would more trivialize plaintiffs' constitutional rights than vindicate them.

**8.** In *Brotherhood of R.R. Trainmen v. Denver & Rio Grande Western R.R. Company,* 370 F.2d 833 (10th Cir.1966), the National Railroad Adjustment Board found that a railroad had violated a collective bargaining agreement and awarded "a full day's pay for each claim filed" by plaintiffs. *Id.* at 834. The district court reduced that award to "[n]ominal damages in the amount of one dollar per

strongest case, *Abrams*, the court found that a union breached its duty of fair representation and awarded "nominal damages in the amount of one dollar for each fee year between 1987 and 1995 ..." *Abrams*, 23 F.Supp.2d at 51. That court, however, gave no explanation as to why it awarded nominal damages on a per year basis, and *Abrams* therefore provides no credible authority for this court to award nominal damages per payroll deduction or per inadequate notice.

In sum, plaintiffs' argument that nominal damages of $1.00 should issue "per unconstitutional act" is unsupported by case law and contrary to the settled rule that nominal damages do not measure anything. The court finds the view of nominal damages taken by the Seventh Circuit in *Redding* to be the better-reasoned approach. Accordingly, the court will award nominal damages in the amount of $1.00 to each class representative.

Counsel for plaintiffs is therefore ORDERED to prepare and lodge a form of judgment consistent with this order and the Ninth Circuit's mandate.

## AMENDED JUDGMENT

IT IS ORDERED AND ADJUDGED THAT JUDGMENT IS HEREBY ENTERED in accordance with the January 9, 2003 Decision of the United States Court of Appeals for the Ninth Circuit and the Mandate dated January 31, 2003, and in accordance with the Court's Order of August 29, 2003, plaintiffs and the class they represent are awarded nominal damages to be paid in the amount of one dollar ($1.00) each to each of the class representatives, for a total award of seven dollars ($7.00).

day rather than a full day's pay for each incident of contract violation." *Id.* However, that case contains no explanation for why nominal damages per day might be appropriate, and at any rate, the Tenth Circuit reinstated the compensatory damages award because the district court lacked jurisdiction to modify the Board's damages determination. *Id.* at 836.

In *Brown v. Simmons*, 1994 WL 144252 (N.D.N.Y. April 18, 1994), a jury had awarded a prison inmate $1.00 for each of two constitutional violations: (1) a violation of the First Amendment when the inmate was denied access to his mail privileges; and (2) a violation of the Eighth Amendment when the inmate was dragged to his cell. *Id.* at *1. However, the *Brown* court overturned the Eighth Amendment violation, and as a result, only $1.00 in nominal damages was awarded. *Id.* at *5. Regardless, plaintiffs in this case seek separate nominal damages awards per act, rather than per constitutional amendment violated.