FILED
United States Court of Appeals
Tenth Circuit

December 9, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

BROTHERHOOD OF LOCOMOTIVE
ENGINEERS AND TRAINMEN;
JOHN W. HYLAN,

        Petitioners-Appellees,

v.

BNSF RAILWAY COMPANY,
a Delaware corporation,

        Respondent-Appellant.

No. 13-8025
(D.C. No. 2:12-CV-00277-ABJ)
(D. Wyo.)

**ORDER AND JUDGMENT**[*]

Before **MATHESON**, Circuit Judge, **PORFILIO**, Senior Circuit Judge, and
**O'BRIEN**, Circuit Judge.

      BNSF Railway Company appeals the district court's enforcement of an

arbitration order issued by the National Railroad Adjustment Board ("NRAB").

*See* 45 U.S.C. § 153 First (p). BNSF contends the NRAB's award was unenforceable

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

due to ambiguity about whether an award of back pay was subject to offset (i.e., reduction for outside compensation received), and thus the district court should have remanded the case to the NRAB for resolution. We perceive no ambiguity and accordingly affirm the district court's judgment.

## I. Background

John W. Hylan worked for BNSF as a locomotive engineer. When he was fired for taking unauthorized leave, Mr. Hylan and his union, the Brotherhood of Locomotive Engineers and Trainmen (collectively, "Union"), challenged the dismissal before the NRAB, seeking reinstatement and back pay without offset for outside earnings. In its brief to the NRAB, the Union stated its claim as follows:

> It is hereby requested that Engineer Hylan's discipline be reversed with seniority unimpaired, requesting pay for all time lost, *without deduction of outside earnings*, including the day(s) for investigation, with restoration of full benefits and that notation of dismissal on his personal record be removed, resulting from investigation held on September 29, 2009.

Aplt. App. at 17 (emphasis added, internal quotation marks omitted). In particular, the Union argued that Mr. Hylan was entitled to back pay without offset for outside wages earned during his period of dismissal. Although the Union acknowledged BNSF's contrary position, it insisted the railroad had no "right to deduct outside earnings from [Mr. Hylan's] back pay." *Id.* at 24.

For its part, BNSF defended its decision to fire Mr. Hylan and argued that if he were reinstated, back pay should be denied and "any award for lost wages should be offset with outside earnings and job insurance payments." *Id.* at 37. BNSF asserted,

- 2 -

moreover, that its "argument is not one of first impression" and "numerous awards recognize the Company's right to offset outside earnings." *Id.*

The NRAB ruled in favor of the Union. In its decision, the NRAB first reiterated the Union's statement of the claim verbatim. The NRAB then evaluated the parties' procedural and substantive arguments, stating, "The Board carefully reviewed the evidence and arguments in the instant case." *Id.* at 40. And in its penultimate paragraph, entitled, "AWARD," the NRAB stated: "Claim sustained." *Id.* at 42. The NRAB's final paragraph, entitled, "ORDER," provided: "This Board, after consideration of the dispute identified above, hereby orders that an award favorable to the Claimant(s) be made. The Carrier is ordered to make the Award effective on or before 30 days following the postmark date the Award is transmitted to the parties." *Id.*

After the NRAB issued its decision, BNSF requested that Mr. Hylan document his outside earnings made during the period of dismissal. According to BNSF, the award permitted the offset of Mr. Hylan's outside wages from his back pay award. The Union protested, but BNSF replied, "Unfortunately, BNSF's interpretation of the [NRAB] Award governing Mr. Hylan's reinstatement to service differs from the [Union's]." *Id.* at 45. The Union returned to the NRAB for an interpretation of the award, but before the NRAB responded, the Union withdrew its request and filed in the district court a petition to enforce the order. *See* 45 U.S.C. § 153 First (p).

In its petition, the Union argued that the NRAB order was unambiguous and enforceable as written. BNSF moved to dismiss, claiming the district court lacked jurisdiction to enforce the order. *See* Fed. R. Civ. P. 12(b)(1). BNSF asserted its disagreement over the meaning of the award was a "minor dispute" within the exclusive jurisdiction of the NRAB. Alternatively, BNSF asserted the award was ambiguous and should be remanded to the NRAB for clarification.

The district court denied BNSF's motion and enforced the award without any offset to Mr. Hylan's back pay. The court ruled that it had jurisdiction to enforce the order under 45 U.S.C. § 153 First (p) so long as the NRAB order required no interpretation. Because the order clearly defined the claim as seeking to preclude any deductions for outside earnings, and the NRAB unambiguously sustained that claim without qualification, the court reasoned that the order necessarily precluded any offset. BNSF appealed that ruling.

## II. Discussion

BNSF argues the district court lacked jurisdiction to enforce the NRAB's award. Building on its assertion that the award is ambiguous, BNSF contends that if its interpretation of the award is "arguable," then its disagreement over the meaning of the award constitutes a "minor dispute" that, under Supreme Court precedent, belongs only before the NRAB. *See Consol. Rail Corp. v. Ry. Labor Execs. Ass'n*, 491 U.S. 299, 304-05 (1989) ("*Conrail*"). We review the district court's jurisdictional determination de novo, *Bhd. of Maint. of Way Emps. v. Burlington N.*

- 4 -

*Santa Fe Ry. Co.*, 596 F.3d 1217, 1221 (10th Cir. 2010), and conclude that the court properly enforced the award.

### A. Grounds for Review under the Railway Labor Act

The Railway Labor Act ("RLA") states that "[i]f a carrier does not comply with an order of a division of the [NRAB] within the time limit in such order, the petitioner . . . may file in the District Court" an application for enforcement of the award. 45 U.S.C. § 153 First (p). This provision gives district courts jurisdiction to enforce or set aside unambiguous NRAB awards. But we have recognized "that the range of judicial review in enforcement cases is among the narrowest known to the law and that the findings and order of the [NRAB] are conclusive." *Denver & Rio Grande W. R.R. Co. v. Blackett*, 538 F.2d 291, 293 (10th Cir. 1976) (discussing 45 U.S.C. § 153 First (p)). Although courts once had authority to review NRAB orders to the extent they contained money awards, *see Gunther v. San Diego & Ariz. E. Ry. Co.*, 382 U.S. 257, 260, 264 & n.3 (1965), the 1966 amendments to the RLA eliminated this authority and uniformly made NRAB orders, including those containing money awards, "'final and binding upon both parties to the dispute,'" *Bhd. of R.R. Trainmen v. Denver & Rio Grande W. R.R. Co.*, 370 F.2d 833, 835 (10th Cir. 1966) (quoting 45 U.S.C. § 153 First (m)); *see also Diamond v. Terminal Ry. Ala. State Docks*, 421 F.2d 228, 233 (5th Cir. 1970) (explaining that under 45 U.S.C. § 153 First (m), "awards are 'final and binding' upon the parties").

Coupled with these changes aimed at preserving the finality of NRAB awards, Congress also restricted the scope of judicial review. Under § 153 First (p), "an employee who obtained a monetary award against a carrier could sue to enforce it, and the court could either enforce the award or set it aside." *Union Pac. R.R. Co. v. Bhd. of Locomotive Eng'rs & Trainmen*, 558 U.S. 67, 74-75 (2009). But with the 1966 amendments, Congress limited the grounds on which an award could be set aside to only three: (1) the NRAB failed to comply with the requirements of the RLA; (2) the NRAB failed to conform or confine itself to matters within the scope of its jurisdiction; or (3) the NRAB was influenced by fraud or corruption. *Blackett*, 538 F.2d at 293. Absent one of these statutory grounds for review, district courts lack jurisdiction to consider the amount of an award. *See id.* at 294; *Denver & Rio Grande W. R.R. Co.*, 370 F.2d at 835.

Here, BNSF invokes none of the statutory grounds for review, and indeed, none apply. This would seem to foreclose the district court's jurisdiction to do anything but enforce the award, but BNSF contends these limited grounds on which an award may be set aside are irrelevant. According to BNSF, it is not seeking to set aside the NRAB's order but rather clarify "what the arbitrator intended with respect to offset." Reply Br. at 11. For this limited purpose, BNSF contends the RLA does not preclude the district court from remanding the case to the NRAB for clarification. This argument is unpersuasive, and our decision in *Blackett* explains why.

- 6 -

In *Blackett*, a railroad employee obtained an award from the NRAB, but the railroad successfully petitioned the district court for an offset. 538 F.2d at 292. Reversing the district court, we held that the RLA "makes no provision for allowance of an offset" and "[i]n the absence of such a grant the district court lacked jurisdiction to thus modify the award." *Id.* at 294. Insisting on a jurisdictional predicate for review, we reiterated that the NRAB's failure to specify "'[t]he measure of damages . . . offers no jurisdictional question.'" *Id.* (quoting *Denver & Rio Grande W. R.R. Co.*, 370 F.2d at 836); *see also Bhd. of Locomotive Eng'rs v. Union Pac. R.R. Co.*, 707 F.3d 791, 795 (7th Cir. 2013) (recognizing that NRAB's failure to specify the amount of damages implicates none of the RLA's statutory grounds for review). We also explained that although the award, as in this case, simply stated, "'claim sustained,'" it "left no room for a modification. It was positive in its form and its effect was unmistakable. It awarded the whole of the claim." *Blackett*, 538 F.2d at 294. And absent any other jurisdictional basis for review, we concluded that the district court should have enforced the award. *Id.*

*Blackett* compels us to conclude that the district court properly enforced the award. BNSF attempts to distinguish *Blackett* as a case in which the district court improperly modified an award, but the point is that in neither *Blackett* nor this case is there a statutory ground for reviewing the award in the first place. BNSF asserts the RLA's restrictions do not apply because the award is ambiguous, but we find nothing

to suggest any ambiguity.[1]  The NRAB defined the claim as seeking back pay "*without deduction of outside earnings.*"  Aplt. App. at 39 (emphasis added, quotations omitted).  The parties argued their positions and the NRAB sustained the claim in full, without any limitation or equivocation.  As in *Blackett*, the award "was positive in its form and its effect was unmistakable.  It awarded the whole of the claim."  538 F.2d at 294.  Hence, the district court properly enforced the award.[2]

---

[1]    We recognize that some courts have found it appropriate to remand when there is ambiguity in either the NRAB's award or the parties' underlying collective bargaining agreement.  *See, e.g., Int'l Ass'n of Machinists and Aerospace Workers, Dist. Lodge #19 v. Southern Pac. Transp. Co.*, 626 F.2d 715, 718 (9th Cir. 1980) (award); *Bhd. Ry. Carmen Div., Transp. Commc'ns Int'l Union v. Atchison, Topeka & Santa Fe Ry. Co.*, 956 F.2d 156, 157 (7th Cir. 1992) (agreement).  But courts also recognize that "[a]n award does not become so vague and indefinite as to be unenforceable simply because a party can argue that a portion of it may be unclear or ambiguous."  *Bhd. of Ry. Carmen v. Belt Ry. Co. of Chicago*, 658 F. Supp. 136, 139 (N.D. Ill. 1987); *accord Bhd. of Locomotive Eng'rs v. Union Pac. R.R. Co.*, 500 F.3d 591, 593 (7th Cir. 2007) ("Trivial ambiguities in arbitration awards are not a ground for refusing to enforce them.").  We need not consider the propriety of remanding for ambiguity here because as discussed above, the award is not ambiguous.

[2]    As a practical matter, we note that BNSF's position is premised on § 153 First (m), which provides, "In case a dispute arises involving an interpretation of the award, the [NRAB] upon request of either party shall interpret the award in light of the dispute."  Although BNSF speculates on why the Union elected to withdraw its request for an interpretation and instead petition the district court for enforcement, nothing prevented BNSF from independently seeking an interpretation from the NRAB.  In fact, BNSF apparently did request an interpretation from the NRAB, but the Union refused to waive its limitations defenses.  *See* Reply Br. at 2 n.1.  It appears BNSF is belatedly attempting to accomplish through this appeal what it failed to timely request during arbitration.

**B. *Conrail* Line of Authority is Inapposite**

Seeking to avoid this result, BNSF attempts to transform this case into a dispute over the parties' collective bargaining agreement. Under *Conrail*, disputes that "arise 'out of the interpretation or application of' existing collective bargaining agreements" are classified as "minor disputes" subject to binding arbitration. *Bhd. of Maint. of Way Emps. Div.*, 596 F.3d at 1222-23 (quoting *Conrail*, 491 U.S. at 303). "'The distinguishing feature of [a minor dispute] is that the dispute may be conclusively resolved by interpreting the existing collective bargaining agreement.'" *Id.* (quoting *Conrail*, 491 U.S. at 305).

The problem with this argument, however, is that the parties do not invoke the collective bargaining agreement ("CBA"). Indeed, not one of its provisions—either express or implied—is involved and both sides agree that the CBA is silent on the issue of offset. BNSF admits, moreover, that there is "arbitral authority on both sides of the issue," Aplt. Br. at 6, all of which demonstrates that this dispute cannot "be conclusively resolved by interpreting the existing [CBA]," *Bhd. of Maint. of Way Emps. Div.*, 596 F.3d at 1222-23 (internal quotation marks omitted).

Nevertheless, BNSF contends that a "'[d]isagreement about the meaning of an award amounts to disagreement about the meaning of the underlying collective bargaining agreement.'" Aplt. Br. at 11, quoting *Bhd. of Maint. of Way Emps. v. Burlington N. R.R. Co.*, 24 F.3d 937, 938, 940 (7th Cir. 1994) ("*BMWE*"). But consistent with *Conrail*, the dispute in *BMWE* presented "a question about the

- 9 -

meaning of [the parties'] collective bargaining agreement," namely, the preclusive effect of the arbitration award. 24 F.3d at 940. Here, by contrast, the dispute concerns an unambiguous award of money damages, which presents no jurisdictional question. *See Blackett*, 538 F.2d at 294; *Denver & Rio Grande W. R.R. Co.*, 370 F.2d at 836.

Even still, BNSF contends it can compel the Union to arbitrate simply by presenting an "arguable" interpretation of the award. Aplt. Br. at 12. According to BNSF, so long as its interpretation of the award is "arguable," based on other NRAB remedies allowing offset, this is a minor dispute subject to binding arbitration. But the problem with this contention is that it confuses the award with the CBA.

As we explained in *Brotherhood of Maintenance of Way Employees*, the RLA's goal of promoting arbitration requires that courts "deem a dispute as minor if it even remotely touches on the terms of the relevant *collective bargaining agreement*." 596 F.3d at 1223 (emphasis added). To establish a minor dispute, "a party need only show that the contested action is 'arguably justified' by the terms of the collective bargaining agreement." *Id.* This standard requires that "[w]e look first and primarily . . . to both the express and implied provisions of the [CBA]," as well as "the parties' 'practice, usage and custom,'" and other factors to determine whether a claim is arguably justified by the CBA. *Id.* (quoting *Conrail*, 491 U.S. at 311).

BNSF says its interpretation of the award is arguably justified by other NRAB decisions, but the question is whether its claim is arguably justified by the CBA.

And without the CBA, this argument is doomed from the start. Moreover, it would be inappropriate to classify this as a minor dispute based on other arbitration remedies that, as BNSF acknowledges, are purely discretionary given the CBA's silence on the matter, *see* Aplt. Br. at 15-16; Reply Br. at 12. We also would find ourselves in the unacceptable position of classifying disputes based on what arbitrators say rather than our own assessment of the CBA and the parties' practice, usage, and custom. As the Seventh Circuit has observed, "[i]t is for the judges to say what the law is, not for the arbitrators." *Bhd. of Maint. of Way Emps. v. Atchison, Topeka & Santa Fe Ry. Co.*, 138 F.3d 635, 642 (7th Cir. 1997).

The judgment of the district court is affirmed.

Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge