In the
United States Court of Appeals
For the Seventh Circuit

No. 00-3177

Matt Lindland,

Plaintiff-Appellant,

v.

United States of America Wrestling
Association, Inc., and United States
Olympic Committee,

Defendants-Appellees.

Petition for a Writ of Mandamus to the United States
District Court for the Northern District of Illinois, Eastern
Division.
No. 00 C 5151--Suzanne B. Conlon, Judge.

Submitted August 25, 2000--Decided August 25, 2000

Before Easterbrook, Kanne, and Diane P. Wood, Circuit
Judges.

Per Curiam.  Yesterday afternoon this court held
that Matt Lindland is entitled to an order
enforcing Arbitrator Burns's award in his favor.
Under this award, we concluded, Lindland is
entitled to be designated as the victor in Bout
#244 of USA Wrestling's Olympic qualification
trials, and thus is entitled to be USA
Wrestling's nominee for the Olympic team in the
76 kilogram weight classification of Greco-Roman
wrestling. We issued the mandate immediately,
allowing the district court to enter a final
judgment enforcing the Burns Award. At
approximately the same time, a second arbitrator
issued an award in a proceeding initiated by
Keith Sieracki, the loser in the rematch ordered
by Arbitrator Burns. In that proceeding
Arbitrator Campbell disagreed with Arbitrator
Burns and ordered USA Wrestling to ignore the
result of the rematch and transmit Sieracki's
name to the United States Olympic Committee
(USOC) as its sole nominee, because Sieracki had
prevailed in the first bout.

Since then two things of moment have occurred.

First, USA Wrestling attempted to comply with both decisions. It sent the USOC a notice half-heartedly (and under protest) informing it of our decision, but not "nominating" Lindland. Simultaneously it sent the USOC a notice withdrawing any nomination of Lindland and nominating Sieracki as the member of the team. (We rely on copies attached to Lindland's motion; it may be necessary for the district court to determine whether these are USA Wrestling's actual statements to the USOC.) Second, Lindland asked the district court to enforce our decision and hold USA Wrestling in contempt. The district court (per Judge Lindberg, apparently serving as the emergency judge) denied this motion, stating that he lacked jurisdiction to do anything. Lindland now seeks a writ of mandamus.

Our opinion holds that Lindland is entitled to an order enforcing Arbitrator Burns's decision. We issued the mandate immediately so that the district court could enter just such an order. Its failure to comply with our directions is baffling--once the mandate issued, the case was again "in" the district court--and we now issue a writ of mandamus directing it to do so forthwith. Moreover, once the order has issued, USA Wrestling must immediately perform its obligations, and if it does not do this the district court must hold it in contempt of court and impose a sanction adequate to ensure that our directions are implemented immediately and unconditionally.

USA Wrestling apparently believes that it is caught between Scylla and Charybdis, but it is not. On the one hand, Arbitrator Campbell has instructed it to disregard the Burns Award and nominate Sieracki. Arbitrator Campbell's decision has not been subject to judicial review or enforcement. On the other hand, the Judicial Branch of the United States of America has instructed it to implement the Burns Award by making Lindland its nominee. Choosing which instructions to follow should not be difficult-- but if USA Wrestling continues equivocating, the district court should be able to make the wiser course clear.

Mandamus issued.