# In the
# United States Court of Appeals
## For the Seventh Circuit
_____

No. 06-3282

BROTHERHOOD OF LOCOMOTIVE ENGINEERS
    AND TRAINMEN, GENERAL COMMITTEE OF
    ADJUSTMENT, CENTRAL REGION,

*Plaintiff-Appellant*,

v.

UNION PACIFIC RAILROAD COMPANY,

*Defendant-Appellee*.

_____

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 05 C 7293—**Ronald A. Guzmán**, *Judge*.

_____

ARGUED MAY 4, 2007—DECIDED AUGUST 30, 2007

_____

Before POSNER, MANION, and KANNE, *Circuit Judges*.

POSNER, *Circuit Judge*.   A railroad workers' union ob-
tained an arbitration award and sought enforcement of
it in the district court. The purpose of seeking enforce-
ment was presumably to enable the union to charge the
railroad with contempt of court if the railroad failed to
comply with the award. E.g., *Lindland v. United States
Wrestling Association, Inc.*, 228 F.3d 782, 783 (7th Cir. 2000)
(per curiam); *Electrical Workers Pension Trust Fund v.
Gary's Electric Service Co.*, 340 F.3d 373 (6th Cir. 2003). The

court dismissed the suit on the ground that the award was ambiguous. The consequence of the dismissal, if we uphold it, is that the union will have to ask the federal Surface Transportation Board to convene a new arbitration panel to decide the union's rights; the result would be to give the railroad a second bite at the apple.

If an arbitration award is too ambiguous to be enforced, as "when the award fails to address a contingency that later arises or when the award is susceptible to more than one interpretation," *Green v. Ameritech Corp.*, 200 F.3d 967, 977 (6th Cir. 2000), the district court should if possible send the matter back to the original arbitration panel for clarification rather than put the parties to the expense of starting from scratch with a new arbitration by a new panel. *Tri-State Business Machines, Inc. v. Lanier Worldwide, Inc.*, 221 F.3d 1015, 1017 (7th Cir. 2000); *Brotherhood Railway Carmen Division v. Atchison, Topeka, & Santa Fe Ry.*, 956 F.2d 156, 160-61 (7th Cir. 1992); *M&C Corp. v. Erwin Behr GMBH & Co., KG*, 326 F.3d 772, 781-83 (6th Cir. 2003); *Aluminum, Brick & Glass Workers International Union v. AAA Plumbing Pottery Corp.*, 991 F.2d 1545, 1549 (11th Cir. 1993). The district judge cannot be criticized for having failed to remand to the original panel for clarification in this case, however, since neither party requested that relief, though he could have done it on his own initiative. See *Tri-State Business Machines, Inc. v. Lanier Worldwide, Inc.*, *supra*, 221 F.3d at 1020. As is all too common, the parties were going for broke. The railroad doesn't want to be back in front of the panel that issued the order in favor of the union, and the union wants a ruling that the arbitration award is not ambiguous.

But in this court the union asks in the alternative for a remand for clarification, and the railroad opposes in

reliance on the inapposite case of *Brotherhood of Maintenance of Way Employes Division/IBT v. Union Pacific R.R.*, 460 F.3d 1277 (10th Cir. 2006). That case involved a "minor dispute" under the Railway Labor Act. The district court had directed the parties to conduct their arbitration before a panel that had decided related disputes between them. The court of appeals reversed because the Railway Labor Act gave each party a statutory right to demand arbitration before a different type of arbitration panel. That case has no bearing on the present one, where the question is whether an ambiguity in an arbitration award requires that the award be scrapped and the parties forced to conduct a brand-new proceeding or whether the matter can be returned to the original arbitration panel for clarification.

But is the award ambiguous, or is the union's primary claim, that it is not, correct? The parties had agreed many years ago, in several "Hub Merger Implementing Agreements," that a Union Pacific engineer whose "home terminal" (i.e., where he shows up each day for work) is in one of several specified cities, including Kansas City, St. Louis, and Jefferson City, Missouri, would be entitled to continue to work within a 25-mile radius of his home terminal until retirement. Union Pacific proposed to change seven of its routes, four of which would no longer pass through or within 25 miles of some of the engineers' home terminals. The railroad claimed that it could do this, even though the result would be that those engineers would have to travel more than 25 miles from their home terminal to get to work, by virtue of an agreement ("Article IX") that predated the Hub Implementing Agreements. The arbitration panel disagreed, ruling that "the Hub Merger Implementing Agreements cannot be

changed by the exercise of [Union Pacific's] Article IX rights under the circumstances presented herein." *Board of Locomotive Engineers v. Union Pacific R.R.*, U.C.C. Fin. Docket No. 32760, at 25 (Feb. 12, 2004).

One of the four proposed new routes connected Kansas City to Labadie, Missouri. *Id.* at 7. After the award was issued, but before the union sought judicial enforcement, Union Pacific again proposed to establish a Kansas City to Labadie route that would require engineers to travel more than 25 miles to work. The only difference between this and the original proposal was that now the route was proposed all by itself rather than as part of a package of routes. The district court thought that the panel might have reached a different conclusion about violation of the Hub Merger Implementing Agreement had it been the only route involved in the arbitration. But there is nothing in the panel's opinion to suggest that the number of routes combined in a proposal has any bearing on whether requiring an engineer to travel more than 25 miles from his home terminal would violate the applicable Hub Merger Implementing Agreement. That would be a formula for evasion. Even the railroad cannot come up with a reason why the number might make a difference—and it would be hopping mad had the panel held that a route change that did *not* cause a violation of the 25-mile rule was nevertheless barred because other route changes proposed by the railroad in the same package of proposals would cause such a shift.

A party subject to an arbitration award cannot be permitted to base a claim that the award is ambiguous on an immaterial change in his conduct after the award is rendered. Trivial ambiguities in arbitration awards are not a ground for refusing to enforce them, *Ethyl Corp. v.*

*United Steelworkers of America*, 768 F.2d 180, 188 (7th Cir. 1985); *Teamsters Local No. 579 v. B & M Transit, Inc.*, 882 F.2d 274, 278-79 (7th Cir. 1989); *Fischer v. CGA Computer Associates, Inc.*, 612 F. Supp. 1038, 1041 (S.D.N.Y. 1985)—here as elsewhere, *de minimis non curat lex*—and even less so are trivial ambiguities *manufactured* by the party seeking to use them to invalidate an award. Suppose Union Pacific Railroad had changed its name to Union Atlantic Railway and contended that since that name does not appear in the arbitration award, the continued applicability of the award was uncertain. The name change would not create a doubt that the arbitrators, had they known of the change, would still have issued the award. Or suppose the award had stated that Union Pacific was forbidden to fire workers Smith, Jones, and Carter, and after the award was entered the railroad fired Smith and argued that since it had not fired Jones and Carter, it was unclear whether the award had been violated. That argument would be laughed out of court.

The judgment of the district court is reversed with directions to enter an order enforcing the arbitration award.

REVERSED WITH DIRECTIONS.

A true Copy:

Teste:

_____
*Clerk of the United States Court of Appeals for the Seventh Circuit*