**BROTHERHOOD OF LOCOMOTIVE ENGINEERS AND TRAINMEN and John W. Hylan, Petitioners,**

**v.**

**BURLINGTON NORTHERN SANTA FE RAILWAY COMPANY, a Delaware corporation, Respondent.**

**Case No. 12–CV–277–ABJ.**

United States District Court, D. Wyoming.

Feb. 12, 2013.

Kathleen M. Karpan, Karpan & White, Cheyenne, WY, for Petitioners.

David M. Pryor, Burlington Northern Santa Fe Railway Company, Fort Worth, TX, George E. Powers, Jr., Sundahl Powers Kapp & Martin, Cheyenne, WY, for Respondent.

### ORDER DENYING RESPONDENT'S MOTION TO DISMISS AND GRANTING PETITION TO ENFORCE NATIONAL RAILROAD ADJUSTMENT BOARD ORDER

ALAN B. JOHNSON, District Judge.

Petitioner John Hylan was terminated from his position as a locomotive engineer by his employer, Respondent Burlington Northern Santa Fe Railway Company. Mr. Hylan and his union—Petitioner Brotherhood of Locomotive Engineers and Trainmen—then filed a grievance with the National Railroad Adjustment Board, arguing that BNSF had wrongfully fired Mr. Hylan. The Board issued an order in favor of petitioners and awarded Mr. Hylan back pay, but the parties disagree about whether the order allows BNSF to offset Mr. Hylan's back pay award by his earnings from other sources during the period he was laid off. Petitioners filed a petition asking this Court to enforce the Board's order, and BNSF has now filed a motion asking the Court to dismiss the petition. The Court **DENIES** BNSF's

motion to dismiss and **GRANTS** the petition to enforce the Board's order.

## FACTS

Petitioner John Hylan was terminated from his position as a locomotive engineer by his employer, Respondent Burlington Northern Santa Fe Railway Company (BNSF). *See* Pet. Ex. 3, ECF No. 1. BNSF fired Mr. Hylan because he allegedly had missed too many days of work. *See id.* Believing BSNF had wrongfully fired him, Mr. Hylan, along with his union— Petitioner Brotherhood of Locomotive Engineers and Trainmen (Union)—filed a grievance with the First Division of the National Railroad Adjustment Board (Board). *See generally* Pet. Ex. 4, ECF No. 1.

The Board issued an order concluding that BNSF had wrongfully terminated Mr. Hylan. *See* Pet. Ex. 6 at 2, 4, ECF No. 1. On the first page of its order, the Board defined petitioners' claim in a section titled *"STATEMENT OF CLAIM,"* which reads as follows:

> It is hereby requested that Engineer Hylan's discipline be reversed with seniority unimpaired, requesting pay for all time lost, without deduction of outside earnings, including the day(s) for investigation, with restoration of full benefits and that notation of dismissal on his personal record be removed, resulting from investigation held September 29, 2009.

*Id.* at 1. On the fourth page of its order, the Board states "Claim sustained" in a section titled *"AWARD." Id.* at 4.

After the Board issued its order, BNSF wrote a letter to Mr. Hylan stating that the order allowed BSNF to offset pay time lost by any outside earnings and requesting Mr. Hylan to provide BNSF with "any documents/records detailing earnings from employment and/or unemployment insurance payments from October 14, 2009

through the day returned to service." Pet. Ex. 7, ECF No. 1. The Union wrote back to BNSF on Mr. Hylan's behalf, stating that BNSF had improperly and erroneously demanded an offset of Mr. Hylan's back pay award because petitioner's claim for no offset was sustained by the Board. Pet. Ex. 8, ECF No. 1. BNSF replied, saying, "[u]nfortunately, BNSF's interpretation of the First Division Award governing Mr. Hylan's reinstatement to service differs from the [Union's]." Pet. Ex. 9 at 1, ECF No. 1.

The Union then wrote a letter to the Board asking it to clarify whether BNSF could offset Mr. Hylan's back pay award. *See* Pet. Ex. 11, ECF No. 1. The Union later withdrew its request for interpretation, Pet. Ex. 12, ECF No. 1, and filed a petition asking this Court to enforce the Board's order under 45 U.S.C. § 153 First (p) (2006), Pet. ¶ 3, ECF No. 1. Under § 153 First (p), an employee who obtains a monetary award against a railroad from the Board can sue to enforce the award in federal district court, and the court can either enforce the award or set it aside. *See Union Pac. R.R. Co. v. Bhd. of Locomotive Eng'rs,* 558 U.S. 67, 130 S.Ct. 584, 592, 175 L.Ed.2d 428 (2009).

BNSF has now filed a motion asking this Court to either dismiss the petition for lack of subject matter jurisdiction or, alternatively, to remand to the Board so that it can clarify the meaning of its order. *See* Resp't Mot. ¶¶ 4–5, ECF No. 7. BNSF contends that the Board's order is silent about whether BNSF can offset Mr. Hylan's back pay award. *Id.* ¶ 2. This silence, according to BNSF, renders the order ambiguous. *See id.* ¶¶ 4–5. And, BNSF says, this Court has no jurisdiction to interpret an ambiguous order. *See id.* ¶ 4. Thus, BNSF urges this Court to either dismiss the petition for lack of subject matter jurisdiction or remand it to the

Board so that it can clear up the offset issue. *Id.*

Petitioners respond that BNSF has mischaracterized this case as a dispute over the meaning of the Board's order. Petitioner's Resp. ¶ 1, ECF No. 12. According to petitioners, the meaning of the order is clear, and they are not asking the Court to interpret it; they are asking the Court to enforce it. *Id.* Petitioners contend that the order is not silent on the offset issue because, "[i]n the context of the entire decision, it's clear the NRAB Award granted everything in Petitioners' claim, including the request that back pay not be offset by outside earnings." *Id.* ¶ 2.

The Court first will discuss its subject matter jurisdiction. Then the Court will turn to the heart of the matter: Whether the Board's order is ambiguous about whether BNSF can offset Mr. Hylan's back pay award. A brief conclusion follows.

## DISCUSSION

■ As a threshold matter, the Court must assure itself of its jurisdiction. *See* Fed.R.Civ.P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The Court has subject matter jurisdiction. Article III of the United States Constitution authorizes federal court jurisdiction for suits arising under the laws of the United States. *See* U.S. Const. art. III, § 2, cl. 1. Congress has authorized the federal courts to exercise this "federal question" jurisdiction in 28 U.S.C. § 1331, which provides, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (2006). Invok-

ing federal law—namely, 45 U.S.C. § 153 First (p) (2006)[1]—petitioners ask this Court to enforce the Board's order. This case thus arises under federal law and this Court has subject matter jurisdiction under § 1331.

The Court now turns to the heart of the matter: Whether the Board's order is ambiguous about whether BNSF can offset Mr. Hylan's back pay award. If the order is ambiguous on that question, then the Court agrees with BNSF that the Court should remand to the Board so that it can clarify its order. But if the order is unambiguous on the offset issue, then the Court should rule in favor of petitioners and enforce it as written under § 153 First (p). The Court concludes that the order is unambiguous and that BNSF is not entitled to offset Mr. Hylan's back pay award.

■ The Board's order is unambiguous on the offset issue because the order defines petitioners' claim to preclude an offset and the Board sustained the claim so defined. The order defines the term *claim* on its first page in a section titled *"STATEMENT OF CLAIM"*:

> It is hereby requested that Engineer Hylan's discipline be reversed with seniority unimpaired, requesting pay for all time lost, *without deduction of outside earnings*, including the day(s) for investigation, with restoration of full benefits and that notation of dismissal on his personal record be removed, resulting from investigation held on September 29, 2009.

Pet. Ex. 6 at 1, ECF No. 1 (emphasis added). The definition expressly precludes an offset, providing that Mr. Hylan's back pay award will not be subject to "deduction of outside earnings." *Id.* The

---

1. Section 153 First (p) provides, "[i]f a carrier does not comply with an order of a division of the Adjustment Board within the time limit in such order, the petitioner, or any person for whose benefit such order was made, may file in the District Court" a petition for enforcement of the award. 45 U.S.C. § 153 First (p) (2006).

order later states "Claim sustained" in a section titled *"AWARD." Id.* at 4. Thus, reading the statement of claim and award sections together yields the unambiguous conclusion that the Board's order does not allow for an offset.

 The Court's conclusion is consistent with the interpretive canon that definition sections are to be carefully followed. *See* Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 225 (2012). "Drafters often specify the meaning of the terms they use," and courts ordinarily should apply these text-specific definitions rigorously. *Id.* at 225, 227. Here, the Board defined the term *claim* to preclude deductions of outside earnings from Mr. Hylan's back pay award and the Board sustained petitioners' claim so defined. The Court's conclusion thus does nothing more than follow the Board's definition of *claim* in this case.

The Court's conclusion also is consistent with Tenth Circuit precedent. In *Denver & Rio Grande Western Railroad Co. v. Blackett,* the court held that if the Board's award states "claim sustained," then the award unambiguously entitles the petitioner to the whole of the petitioner's claim. 538 F.2d 291, 294 (10th Cir.1976). The court stated:

> Although the award in the instant case was terse in that it merely stated "claim sustained," it left no room for a modification such as that which occurred here. It was positive in its form and its effect was unmistakable. It awarded the whole of the claim of defendant-appellant H.B. Blackett.

*Id.* at 294. Here, like in *Blackett,* the Board's award states "Claim sustained." Pet. Ex. 6 at 4, ECF No. 1. So under *Blackett*'s holding, petitioners are entitled to have the whole of their claim enforced, including the provision that precludes an offset.

 BNSF argues that the Board's order is silent, and therefore ambiguous, about whether an offset is permissible. Resp't Mot. ¶ 2, ECF No. 7. The order is silent, according to BNSF, because the award section states only "Claim sustained" with no mention of an offset. *See* Resp't Mem. at 4, ECF No. 9. The problem with BNSF's argument is that it reflects an unduly narrow reading of the Board's order, one that ignores the interpretive canon that "[t]he text must be construed as a whole." Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 167 (2012). "Context is a primary determinant of meaning. A legal instrument typically contains many interrelated parts that make up the whole. The entirety of the document thus provides the context for each of its parts." *Id.* BNSF finds ambiguity by reading the award section in isolation. But any ambiguity about whether an offset is permissible disappears when the Board's order is read as a whole. When read in its entirety, the Board's order unambiguously answers whether BNSF can offset Mr. Hylan's back pay award. The answer is no.

 The Court's holding is a narrow one and should not be misunderstood. The Court holds that if a Board order defines a claim, the definition precludes offsetting a back pay award, and the award section states only "claim sustained," then the order unambiguously prohibits an offset. Had the Board's order stated in its award section only that Mr. Hylan was to be "made whole" or compensated for "time lost," the result in this case might well have been different. *See Bhd. of R.R. Signalmen v. Union Pac. R.R. Co.,* No. 04 C 4196, 2004 WL 2931289, at *4 (N.D.Ill. Dec. 15, 2004) (remanding for clarification when Board ordered that employee "be made whole").

■ Nothing in the Court's order contradicts the principle that a district court has no authority to interpret an ambiguous Board order. *See Bhd. Ry. Carmen Div. v. Atchison, Topeka & Santa Fe Ry. Co.,* 956 F.2d 156, 160 (7th Cir.1992) (Posner, J.) (stating that "the judicial duty to enforce an arbitration award . . . is neither a duty nor a license to interpret it"). The Board, not the district courts, must clarify ambiguous Board orders. *See* 45 U.S.C. § 153 First (m) (2006). And if a Board order is sufficiently ambiguous, the proper course is to remand to the Board for clarification. *See Bhd. of Locomotive Eng'rs v. Union Pac. R.R. Co.,* 500 F.3d 591, 592 (7th Cir.2007) (Posner, J.) ("If an arbitration award is too ambiguous to be enforced . . . the district court should if possible send the matter back to the original arbitration panel for clarification. . . ."). But, where the order is not ambiguous, as here, the proper course is to enforce it.

## CONCLUSION

Because the Board's order defined petitioners' claim, the definition expressly precluded offsetting Mr. Hylan's back pay award, and the order's award section stated only "Claim sustained," the Court concludes that the order unambiguously prohibits BNSF from offsetting Mr. Hylan's back pay award. The Court therefore **GRANTS** the petition to enforce the order (ECF No. 1), **DENIES** BNSF's motion to dismiss (ECF No. 7), **ORDERS** BNSF to comply with the Board's order, and further **ORDERS** that BNSF is not entitled to offset Mr. Hylan's back pay award.