NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 31, 2015
Decided May 1, 2015

**Before**

DIANE P. WOOD, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 15-1697

IN RE:                                                  Petition for Writ of Mandamus.
    NCR CORPORATION,
       *Petitioner*.                               No. 08-C-16

                                      William C. Griesbach,
                                      *Chief Judge*.

**O R D E R**

In a pair of cases decided last year, this Court made several determinations regarding liability for cleanup in the Fox River Valley Site, which is divided into five operable units. See *NCR Corp. v. George A. Whiting Paper Co.*, 768 F.3d 682 (7th Cir. 2014) (*Whiting*); *United States v. P.H. Glatfelter Co.*, 768 F.3d 662 (7th Cir. 2014) (*Glatfelter*). In *Whiting*, a contribution action under the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), 42 U.S.C. § 9601 *et seq.*, we rejected P.H. Glatfelter Company's arguments that petitioner NCR Corporation was liable for costs in the Site's Operable Unit 1 (OU1) on the basis of arranger liability or discharges made in Portage, Wisconsin. Glatfelter had also argued in the district court that NCR could be

liable on a "single-site" theory, *i.e.*, that if NCR was responsible for costs in *any* operable unit, it was responsible for costs in *all* operable units. The district court rejected this claim, and Glatfelter did not raise it on appeal in *Whiting*. We remanded *Whiting* for proceedings consistent with the opinion. In *Glatfelter*, a CERCLA enforcement action, we affirmed the imposition of liability on Glatfelter, finding that once the government shows that an entity caused "*some* response costs within the Site, [it] may be held liable for *all* response costs within the Site." *Glatfelter*, 768 F.3d at 675.

On remand, Glatfelter moved the district court to reconsider its decision that NCR was not liable for OU1 costs on the basis of the single-site theory, pointing to our decision in *Glatfelter* in support of its argument. The district court decided that it was appropriate to reconsider its earlier decision with respect to NCR's liability; it ultimately applied the single-site theory and held, contrary to its previous decision, that NCR was liable for OU1 costs. Recognizing that procedural rules typically would have barred Glatfelter from raising this issue on remand, the court concluded that "preventing Glatfelter from making that argument now could work a manifest injustice because it would mean the parties are not playing on a level playing field." NCR has now petitioned this court for a writ of mandamus vacating the district court's order, arguing that the ruling went beyond the scope of our remand in *Whiting*. See *United States v. Whitlow*, 740 F.3d 433, 438 (7th Cir. 2014) (issues that could have been, but were not, raised on appeal have been waived and thus cannot be within the scope of a remand).

We have consistently noted that "mandamus is an extraordinary remedy we do not grant lightly." *In re Hatcher*, 150 F.3d 631, 637 (7th Cir. 1998). A petition for a writ of mandamus has merit only when the district court's ruling "so far exceed[s] the proper bounds of judicial discretion as to be legitimately considered usurpative in character." *In re Rhone-Poulenc Rorer, Inc.*, 51 F.3d 1293, 1295 (7th Cir. 1995). Generally, the petitioner must show both irreparable harm and a clear and indisputable right to the relief sought, see *In re Sandahl*, 980 F.2d 1118, 1119 (7th Cir. 1992), though we have sometime relaxed the irreparable harm requirement in petitions seeking to enforce this court's mandates. See, *e.g.*, *Lindland v. U.S. Wrestling Ass'n, Inc.*, 228 F.3d 782, 783 (7th Cir. 2000) (per curiam).

NCR has met neither element of this exacting test. The only injury to which it points is the cost of further litigation, but these expenses do not qualify as irreparable harm. See *In re Lewis*, 212 F.3d 980, 983 (7th Cir. 2000). More importantly, NCR has not demonstrated a clear and indisputable right to the vacatur of the district court's order. It

is possible that an intervening change in the law may justify an exception to the law of the case doctrine, see, *e.g.*, *Kathrein v. City of Evanston, Ill.*, 752 F.3d 680, 685–86 (7th Cir. 2014), potentially allowing unappealed issues to be addressed following a remand. Furthermore, courts may decide CERCLA contribution actions using "equitable factors," see 42 U.S.C. § 9613(f)(1), and the district court relied on such factors to justify its conclusion here. While these considerations do not show that the district court was correct to reopen the issue of NCR's liability based on the single-site theory, they do demonstrate that NCR's right to have the order vacated is at least somewhat disputable and that the district court's actions were not usurpative.

Because NCR has not demonstrated that it has suffered irreparable injury from the district court's order, or that it has a clear and indisputable right to the relief sought, its petition for a writ of mandamus is DENIED. Nothing in this order should be construed as a determination of the propriety of the district court's actions in reopening the issue of NCR's liability for OU1. NCR may raise any and all issues related to the court's rulings should it eventually appeal from the district court's final decision.